JOSEPH FELS *vs.* C. M. RAYMOND & another.

Suffolk.    Jan. 29. — March 1, 1883.    FIELD & W. ALLEN, JJ., absent.

If the defendant in an action brought in a municipal court answers with a general denial, is defaulted, and appeals to the Superior Court, he may, under the 43d rule of that court, requiring that "a written answer shall be filed in this court, in all appeal cases, within thirty days after the entry of the appeal, unless the court shall otherwise order," file an answer in that court, setting up, in addition to a general denial, that the action was prematurely brought; and evidence that the action was prematurely brought is properly admitted.

CONTRACT, on an account annexed, for the price of goods sold on May 20, 1881, brought in the Municipal Court of Boston. Writ dated June 11, 1881.    The only answer filed in that court was a general denial.    The defendants were defaulted and appealed.    In the Superior Court, and without other leave than the rule of that court, that written answers in all appealed cases shall be filed within thirty days after entry of the appeal, an answer was filed in that court, which, in addition to a general denial, further averred that the goods were sold on a credit of sixty or thirty days, and that therefore the action was prematurely brought.    The plaintiff filed a motion in writing to have this additional averment stricken out; but the motion was disallowed, and no exceptions alleged.

At the trial, before *Pitman*, J., without a jury, the plaintiff proved the sale, delivery and value of the goods, and objected to the admission of any evidence in proof of the averment that the action was prematurely brought; and contended that no evidence was admissible in proof of any issue but that made in the court below.    But the judge ruled that the defendants had a right to file a different answer in the Superior Court, without leave, and

admitted evidence in proof of the new averments; and found for the defendants, on the ground that a credit was given of sixty or thirty days. The plaintiff alleged exceptions.

*J. D. Thomson,* for the plaintiff.

*O. T. Gray,* for the defendant.

MORTON, C. J. In a civil suit, an appeal vacates the judgment of the court appealed from, and the case is to be tried in the appellate court upon the pleadings there ordered and the issue there joined, and is open to any defence upon the merits. Pub. Sts. *c.* 155, § 35. The 43d rule of the Superior Court, requiring that " a written answer shall be filed in this court, in all appeal cases, within thirty days after the entry of the appeal, unless the court shall otherwise order," authorized the defendant to file an answer setting up that the action was prematurely brought, this being a defence which may be pleaded in bar, and not mere matter of abatement. *Franklin Savings Institution* v. *Reed,* 125 Mass. 365. The court rightly tried the case upon the issue thus joined in the Superior Court, and evidence that the suit was prematurely brought was properly admitted.

*Exceptions overruled.*