COMMONWEALTH *vs.* FRANCIS P. CLANCY.

Middlesex.    November 8, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Pleading, Criminal,* Complaint. *Motor Vehicle,* Operation: in violation of G. L. c. 90, § 24, St. 1926, c. 253.

A complaint in the Third District Court of Eastern Middlesex alleged that the defendant knowingly used a motor vehicle without authority "on a public way in said Cambridge." When the case was called for trial on appeal to the Superior Court, the Commonwealth moved to amend the complaint by striking out as surplusage the words "on a public way in said Cambridge," and the motion was allowed against objection and exception by the defendant. *It was stated* that, even though the District Court had required no proof of the words struck out, it had authority by reason of G. L. c. 277, § 20, to decide the issue; and that if the defendant wanted further information he should have asked for a bill of particulars under the statute.

Operation of a motor vehicle "without authority . . . knowing that such use was unauthorized," but not upon a way as defined in G. L. c. 90, § 1, was not, on June 27, 1927, a violation of G. L. c. 90, § 24, as amended by St. 1926, c. 253.

COMPLAINT, received and sworn to in the Third District Court of Eastern Middlesex on June 27, 1927, and described in the opinion.

Proceedings in the Superior Court on appeal and evidence there presented by an agreed statement of facts to *Williams*, J., without a jury, are described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*F. J. Lehan*, for the defendant.

*R. T. Bushnell*, District Attorney, & *F. A. Crafts*, Assistant District Attorney, for the Commonwealth.

PIERCE, J. In the Third District Court of Eastern Middlesex the defendant was found guilty, and appealed to the Superior Court, on a complaint "that Francis P. Clancy did use a motor vehicle, to wit, an automobile the property of Guy C. Clinch without authority, on a public way in said Cambridge, knowing that such use was unauthorized." After the case was called for trial in the Superior Court, a jury trial being waived, the Commonwealth moved to amend the complaint as follows: "Now comes the Commonwealth in the above-entitled cause and moves to amend the complaint therein by striking out as surplusage the words 'on a public way in said Cambridge.'" This motion was granted over the defendant's objection and the defendant's exceptions saved. Thereupon a "Statement of Agreed Facts" was read to the trial judge by the district attorney, who then rested. The defendant filed a written motion for a finding of "not guilty" and for the acquittal and discharge of the defendant. The motion was denied subject to the defendant's exceptions. On the agreed statement of facts the judge found the defendant guilty and imposed a sentence to the house of correction.

The agreed facts are as follows: The "defendant, Francis P. Clancy, on the 27th day of June, 1927, took a motor vehicle, the property of another, from property of the Boston

and Maine Railroad in Cambridge, and used the said motor
vehicle without authority, knowing that such use was un-
authorized, and such use by the defendant of the said motor
vehicle consisted in driving the said automobile from behind
a roundhouse on the property of the said Boston and Maine
Railroad on to another section of the property of the Boston
and Maine Railroad which was formerly a public way of the
city of Cambridge, and operated the said automobile a dis-
tance of some 50 to 100 feet along said strip of land belonging
to the Boston and Maine Railroad, in the direction of the
Northern Artery, which is a public way, until he was inter-
cepted and the motor vehicle taken away from him before
he reached the said Northern Artery; that the section of the
property of the Boston & Maine Railroad over which this
motor vehicle was operated by the defendant without author-
ity was discontinued as a public way by proper order of the
city council of the city of Cambridge, approved November 1,
1926; that at no time was the said motor vehicle operated
by the defendant, or used by the defendant without authority,
upon any way as defined by G. L. c. 90, § 1."

It is to be noted that the words of the complaint stricken
out by order of the court are, "on a public way in said Cam-
bridge," and not merely the words, "on a public way," as the
brief for the Commonwealth assumes to be the fact. The
foundation of the jurisdiction of the Superior Court in a
criminal case coming before it on appeal is measured by the
jurisdiction of the District Court from whence the complaint
came. *Commonwealth* v. *Duggan*, 257 Mass. 465, 469. Had
the Third District Court of Middlesex required no proof
of the words stricken out as surplusage by the Superior Court,
it is plain it had authority to decide the issue presented by
the complaint as amended by the Superior Court in view of
the provision of G. L. c. 277, § 20, which provides that "The
name of the county and court in the caption shall, unless
otherwise stated, be considered as an allegation that the act
was committed within the territorial jurisdiction of the
court." If the defendant wanted further information he
should have asked for further specifications under the statute.

The issue of importance is, Does the use of a motor vehicle

anywhere "without authority . . . knowing that such use was unauthorized" violate any prohibition of G. L. c. 90, § 24, as amended by St. 1926, c. 253?   We think G. L. c. 90, § 24, as amended, was intended to regulate the use of motor vehicles upon ways as defined in G. L. c. 90, § 1; and was not intended to make criminal the use of a motor vehicle in all places within the Commonwealth, if the use was without authority and known to be unauthorized by the user.

*Exceptions·sustained.*