## STEVEN COSTARELLI *vs.* COMMONWEALTH.

Suffolk. October 7, 1977. — March 21, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Constitutional Law,* Double jeopardy. *Practice, Criminal,* Waiver of appellate rights, Appeal to Superior Court. *Motor Vehicle,* Unauthorized use, Larceny.

Where a defendant in a criminal case presented a substantial claim that he was being placed twice in jeopardy and where a refusal to review the claim prior to trial would result in the irremediable denial of his constitutional rights, the defendant was entitled to have an order denying his claim of double jeopardy reviewed by this court under its general superintendence power granted by G. L. c. 211, § 3. [679-680]

A defendant's failure to assert a defense of prior jeopardy in a District Court did not result in a waiver of the defense for purposes of a de novo appeal to the Superior Court. [680-681]

Where it appeared that a District Court judge dismissed a complaint because the evidence was insufficient to sustain a conviction on the charge, further prosecution for the same offense was barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution. [681-683]

Charges of larceny of a motor vehicle and use without authority of the same vehicle constitute the same offense within the meaning of the double jeopardy clause of the Fifth Amendment to the United States Constitution. [683-684]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 14, 1977.

The case was reported by *Braucher,* J.

*Robert W. Hagopian* for Steven Costarelli.

*Michael J. Traft,* Special Assistant District Attorney, for the Commonwealth.

QUIRICO, J. This case is before us on a reservation and report by a single justice of this court. The question presented is whether the double jeopardy clause of the Fifth

Amendment to the United States Constitution bars prosecution for the crime of using a motor vehicle without authority after the trial and dismissal of an earlier complaint charging the crime of larceny of the same vehicle. We hold that it does in the circumstances of this case.

We summarize the facts as they appear in a statement of agreed facts filed with the single justice. On January 23, 1974, Costarelli (the defendant) was tried in the Municipal Court of the City of Boston on a complaint charging him with larceny of a motor vehicle. G. L. c. 266, § 28. At the completion of the evidence, which consisted of the testimony of two witnesses for the prosecution and the testimony of the defendant, the defendant moved for a finding of not guilty. The trial judge instead advised the police prosecutor that he had brought the wrong charge and ordered him to obtain a new complaint charging the defendant with the crime of driving the same motor vehicle without authority. G. L. c. 90, § 24 (2) (a). Without asking for or obtaining the defendant's consent therefor, the judge dismissed the larceny complaint while the prosecutor obtained the new complaint. The defendant remained silent thereon.

On February 27, 1974, the defendant was tried on the new complaint, found guilty, and sentenced to one year in a house of correction. The defense of double jeopardy was not raised at that trial. The defendant appealed his conviction and sentence to the Superior Court. On February 2, 1977, when the case was called for trial in that court, the defendant filed a motion to dismiss the complaint on the ground that he had been previously placed in jeopardy for the same crime when he was tried on the complaint charging larceny. The motion was denied. The defendant thereon promptly filed the present petition for relief by a single justice of this court under G. L. c. 211, § 3, the relief sought being a stay of trial on the criminal complaint in the Superior Court and an order for the dismissal of that complaint. The single justice, on the filing of a statement of agreed facts, reserved and reported the case to the full court without decision.

The defendant contends that his trial on the larceny charge, although it ended in a dismissal, placed him in jeopardy as well for the crime of use without authority. He maintains that, after the dismissal of the initial complaint, a subsequent prosecution for either offense was barred. The Commonwealth argues that this case is not properly before this court; that the defendant waived his right to raise a double jeopardy defense by failing to assert it at the second Municipal Court trial; and that, notwithstanding our decision on the first two issues, the double jeopardy clause does not bar the second prosecution. We disagree, and hold that the issue is properly raised in this proceeding, and that the second prosecution was barred.

1. The defendant contends that the case is properly before us pursuant to G. L. c. 211, § 3, which grants to this court general superintendence power over all inferior courts.[1] This extraordinary power will not ordinarily be exercised to review interlocutory rulings in criminal cases, since the rights of criminal defendants are generally fully protected through the regular appellate process. See *Rosenberg* v. *Commonwealth,* 372 Mass. 59, 61 (1977).[2] However, in the most exceptional circumstances, our power under this statute will be exercised to review an interlocutory ruling. *Corey* v. *Commonwealth,* 364 Mass. 137, 138 (1973). Specifically, the defendant must show (1) that he has a substantial claim that an important substantive right, belonging to him, is being violated, *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525, 526 (1974), and (2) that the error is irreversible, such that an order for a new trial in the

---

[1] General Laws c. 211, § 3, as amended through St. 1973, c. 1114, § 44, provides in part: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue all writs and processes to such courts and to corporations and individuals which may be necessary to the furtherance of justice and to the regular execution of the laws."

[2] The Legislature has specifically authorized an application for leave to appeal an interlocutory ruling on a motion to suppress evidence where the review would facilitate the administration of justice. G. L. c. 278, § 28E.

normal process of appeal would not place him in statu quo. *Whitmarsh* v. *Commonwealth*, 366 Mass. 212, 215 (1974), appeal dismissed, 421 U.S. 957 (1975).

We believe that such a showing has been made here. The right to be free from being placed twice in jeopardy is significant, and the defendant's petition presents a claim that has substantial merit. More important is the fact that a refusal by us to review before trial the claim of rights under the double jeopardy clause would, because of the nature of the guaranty, result in the irremediable denial of such rights. In *Abney* v. *United States*, 431 U.S. 651 (1977), the Supreme Court, in holding that a pre-trial order denying a claim of former jeopardy was reviewable under the Federal appeals statute, 28 U.S.C. § 1291 (1970), stated: "[T]his Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense." *Abney, supra* at 660-661 (emphasis in original). Compare *United States* v. *Wilson,* 420 U.S. 332 (1975), with *United States* v. *Jenkins,* 420 U.S. 358 (1975). This guaranty against being twice exposed to the risk of conviction, regardless of whether conviction actually results, would be seriously weakened if appellate review of a claim of double jeopardy were delayed until after a second trial. We therefore hold that the defendant is entitled to review under our general superintendence power.[3]

2. The Commonwealth also contends that the defendant waived the double jeopardy defense by failing to raise it at his second Municipal Court trial, and could not, therefore, assert it on the de novo appeal to the Superior Court. However in our view of the de novo appeal procedure a failure to assert such defense in the District Court does not result in its waiver. This has long been the rule in civil cases. See *Fergu-*

---

[3] In *Thames* v. *Commonwealth*, 365 Mass. 477 (1974), we exercised our general superintendence powers to review the denial of a motion to dismiss based on double jeopardy grounds. We expressly noted, however, that no objection was made by the Commonwealth to the appropriateness of review under c. 211, § 3. *Thames, supra* at 477 n.1.

son v. *Jackson,* 180 Mass. 557, 558 (1902); *Fels* v. *Raymond,* 134 Mass. 376, 377 (1883); G. L. c. 231, § 97, as appearing in St. 1973, c. 1114, § 193 ("The case shall be entered in the superior court . . . and shall there be tried and determined as if originally entered therein"). We think it is equally applicable to criminal matters. See *Mann* v. *Commonwealth,* 359 Mass. 661, 663 (1971); G. L. c. 277, § 47A. A defendant in a criminal case has "an unqualified and unfettered right of appeal" from a District Court conviction, *Whitmarsh* v. *Commonwealth, supra* at 220, quoting from *Jones* v. *Robbins,* 8 Gray 329, 341-342 (1857), and, on the exercise of that right, the District Court judgment is vacated. *Enbinder* v. *Commonwealth,* 368 Mass. 214, 217-218, cert. denied, 423 U.S. 1024 (1975). The value of the de novo appeal process would be significantly reduced if we limited the defenses that a defendant could assert at the de novo trial to those that he raised in the original trial. This limitation would also cast a serious constitutional cloud over the entire procedure. See *Ludwig* v. *Massachusetts,* 427 U.S. 618, 625-627 (1976); *Whitmarsh, supra.* For these reasons we hold that the defense of prior jeopardy was not waived by the defendant.

3. The proscription of placing a defendant twice in jeopardy for the same offense has long been recognized as part of the common law of the Commonweath, *Thames* v. *Commonwealth,* 365 Mass. 477, 479 (1974), and has more recently become a matter of constitutional right by the application to the States of the double jeopardy clause of the Fifth Amendment. *Benton* v. *Maryland,* 395 U.S. 784, 794 (1969). The constitutional prohibition against double jeopardy rests on the belief that "the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green* v. *United States,* 355 U.S. 184, 187-188 (1957). *Commonwealth* v.

*Lovett, ante* 394, 396-397 (1978). The defendant contends that the Municipal Court trial on the use without authority charge was a second attempt to convict him of the same offense, and was therefore prohibited. The Commonwealth asserts that the dismissal of the first complaint was not such a disposition as precludes another prosecution for the same crime, and, alternatively, that larceny of a motor vehicle and use without authority are not the "same offense" within the meaning of the double jeopardy clause. We first address the question of the effect of the dismissal order on the defendant's rights.

Because evidence had been heard at the first trial, the defendant was placed in jeopardy. *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976). *Serfass* v. *United States,* 420 U.S. 377, 388 (1975). This conclusion is merely a starting point, however, since it is unquestioned that in some circumstances a second prosecution may be maintained, even though a defendant has had an earlier trial for the same offense terminated without his consent. *United States* v. *Dinitz,* 424 U.S. 600, 606-607 (1976). *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 580 (1824). The critical factor is whether the first proceeding terminated in the defendant's favor, i.e., "whether the [terminating] order contemplates an end to all prosecution of the defendant for the offense charged," rather than contemplating a reprosecution, as would an order in the nature of a declaration of mistrial. *Lee* v. *United States,* 432 U.S. 23, 30 (1977). If the "dismissal [was] granted on the ground, correct or not, that the defendant simply cannot be convicted of the offense charged," further prosecution for that offense is barred by the double jeopardy clause. *Id.*

Applying these principles to the facts of this case, we hold that the dismissal order has the effect of barring a second prosecution for larceny. The order was clearly grounded on the judge's conclusion that the evidence was insufficient to sustain a conviction on the larceny charge. It does not appear from the record that the judge articulated his reasons for dismissing the complaint, but these reasons can be in-

ferred from his action. By dismissing the larceny charge and asking for a complaint charging use without authority, he apparently concluded that there was insufficient evidence to find an intent to permanently deprive the owner of his automobile, which is an element of larceny but not an element of use without authority. A dismissal order based on such a conclusion precludes further prosecution for the same offense. *Lee, supra.* See *United States* v. *Martin Linen Supply Co.,* 430 U.S. 564, 571 (1977).

Since a second trial for larceny of a motor vehicle is barred, a prosecution for use without authority is also barred if that crime is the "same offense" within the meaning of the Fifth Amendment. We now turn to that question.

4. Two offenses are not the "same" within the meaning of the double jeopardy clause merely because they stem from the same conduct. *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871). *Commonwealth* v. *Kiley,* 373 Mass. 454, 461 (1977). Rather, the determinative factor is the nature of the offenses with which the defendant has been charged. *Id.* *Brown* v. *Ohio,* 432 U.S. 161, 166 (1977). "[W]here . . . a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." *Nielsen, petitioner,* 131 U.S. 176, 188 (1889). Therefore a prosecution for a greater offense precludes subsequent prosecutions for all its lesser included crimes. *Jeffers* v. *United States,* 432 U.S. 137, 150-151 (1977) (plurality opinion).

Because of our recent statements concerning the relationship between larceny and unauthorized use of a motor vehicle, we are required to conclude that they constitute the same offense within the meaning of the double jeopardy clause. We have recently said that unauthorized use is a lesser included crime of larceny of a motor vehicle. *Commonwealth* v. *Giannino,* 371 Mass. 700, 702-703 (1977). This proposition is open to some question since, under our previous case law, unauthorized use requires proof that the vehicle was on a public way during the commission of the

crime.[4] *Id.* Use on a public way is not necessary for a larceny conviction. G. L. c. 266, § 28. However, we believe that the characterization of use without authority as a lesser included offense of larceny is in accord with the realities of the offenses and the circumstances within which they occur. Rarely do the facts underlying a charge for either larceny of a motor vehicle or use without authority not involve a public way, and it does not seem that, in practice, this element would often be contested. Therefore the elements that are placed in issue in a use without authority prosecution are generally also elements of the offense of larceny. Although this may not be the situation in every case, it is a sufficiently common occurrence to warrant our conclusion that the two offenses are the same for double jeopardy purposes. Cf. *Commonwealth* v. *Cerveny,* 373 Mass. 345, 354-356 (1977).

---

[4] It may also be open to question whether a conviction for use without authority requires the element of use on a public way. Although we have recently stated that such requirement exists, *Commonwealth* v. *Giannino,* 371 Mass. 700, 703 (1977), this determination was not necessary to a decision of that case. We last held that the public way element must be shown for a conviction in the case of *Commonwealth* v. *Clancy,* 261 Mass. 345, 348 (1927). The *Clancy* case, however, was based on a version of G. L. c. 90, § 24, as it appeared in St. 1926, c. 253, that significantly differed from the present one. That statute read in part: "Whoever upon any way operates a motor vehicle recklessly, or while under the influence of intoxicating liquor, or so that the lives or safety of the public might be endangered, . . . or whoever without stopping and making known his name, residence and the number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property, or whoever uses a motor vehicle without authority knowing that such use is unauthorized, . . . shall be punished . . . ." St. 1926, c. 253. The "upon any way" language was interpreted in *Clancy* to apply to each of the acts described in the provision. In the current version of c. 90, § 24 (2) (*a*), however, the group of proscribed activities is separated into three subgroups, each defined by an independent clause and each separated from the others by semi-colons. The two clauses that define the prohibited conduct other than use without authority expressly require that the conduct take place on a public way. The use without authority provision, however, contains no such language. It reads: "Whoever uses a motor vehicle without authority knowing that such use is unauthorized shall, for the first offense be punished by . . . ." G. L. c. 90, § 24 (2) (*a*), as amended, St. 1975, c. 156, § 1.

We need not resolve this question in this case.

5.  We thus conclude that the double jeopardy clause bars a trial of the defendant on the complaint for using a motor vehicle without authority. The case is to be remanded to the Superior Court where the complaint must be dismissed.

*So ordered.*