COMMONWEALTH *vs.* WALTER WHITE. February 5, 1981. By his motion for a new trial under Mass.R.Crim.P. 30, 378 Mass. 900 (1979), the defendant seeks relief from his convictions of breaking and entering in the nighttime with the intent to commit a felony (rape), G. L. c. 266, § 14, and assault with intent to rape, G. L. c. 265, § 24. He claims that the charges are duplicative and that the imposition of consecutive sentences constituted multiple punishments for the same offense. There was no error.

1. The crimes were not "duplicative in a technical sense" because "there were stated elements of the first offense not part of the second, and

elements of the second not appearing in the first." *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662 (1979), and cases cited. It is not significant that in proving the indictment under c. 266, § 14, the Commonwealth offered evidence that proved the offense charged under c. 265, § 24. See *Commonwealth* v. *Gallarelli*, 372 Mass. 573, 577 (1977). That evidence was merely strong and additional, but not required, proof of the specific requisite felonious intent harbored by the defendant when he broke into the victim's room. *Commonwealth* v. *Ronchetti*, 333 Mass. 78 (1955). *Commonwealth* v. *Perron, ante* 915 (1981).

2. The imposition of a suspended sentence on the conviction under c. 266, § 14, to commence after completion of the sentence imposed on his conviction under c. 265, § 24, was not constitutionally prohibited. The crimes were not "so closely related in fact as to constitute in substance but a single crime," *St. Pierre*, 377 Mass. at 662-663; rather, the offenses were separate and distinct in nature. Compare *Gallarelli*, 372 Mass. at 577-578. Contrast *Costarelli* v. *Commonwealth*, 374 Mass. 677, 683-684 (1978). "Two offenses are not the 'same' within the meaning of the double jeopardy clause merely because they stem from the same conduct . . . . Rather, the determinative factor is the nature of the offenses with which the defendant has been charged." *Id.* at 683. The defendant forced his way into the victim's dormitory room, threw her onto her bed, and hit and struggled with her while warning her to be quiet or "I'll kill you." He has shown no claim entitling him to either a new trial or resentencing. Cf. *Richard* v. *Commonwealth*, 382 Mass. 300, 308 (1981).

*Order denying motion for
new trial affirmed.*

*Steven J. Rappaport* for the defendant.

*Carol Anne Fagan*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with her) for the Commonwealth.