COMMONWEALTH *vs.* ROBERT E. ALDRICH, JR.

Norfolk.   October 10, 1985. — December 12, 1985.

Present: GRANT, SMITH, & FINE, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Plea, Dismissal, Sentence, Reconsideration of order.

Where, after a defendant had entered guilty pleas to criminal complaints in a District Court, the complaints were dismissed on the assumption that the prosecution would proceed in the Superior Court, and where, subsequently, indictments in the Superior Court were dismissed on the ground that jeopardy had attached when the guilty pleas were accepted in the District Court, double jeopardy principles did not bar imposition of sentence in the District Court on the two previously dismissed complaints. [224-226]

Where, after a defendant had entered guilty pleas to criminal complaints in a District Court, the complaints were dismissed on the erroneous assumption that the defendant could be tried in the Superior Court, the judge who had originally accepted the guilty pleas and dismissed the complaints had authority to sentence the defendant on the complaints. [226-227]

Although a defendant who had entered guilty pleas to criminal complaints and who then had had the complaints dismissed was not given an opportunity for a hearing on the reinstatement of the complaints before he was sentenced on them, and although the judge made no express order to reinstate the complaints before sentencing the defendant, the defendant was not prejudiced, in the circumstances of this particular case, by the procedures used in bringing the dismissed complaints before the sentencing judge. [227-228]

COMPLAINTS received and sworn to in the Quincy Division of the District Court Department on January 3, 1983.

A motion for postconviction relief, filed in the Dedham Division, was heard by *Maurice H. Richardson,* J.

*Edward F. Sullivan, Jr.,* for the defendant.

*Stephanie Martin Glennon* (*Charles J. Hely,* Assistant District Attorney, with her) for the Commonwealth.

FINE, J. Based upon the complicated procedural history of this case, the defendant claims on appeal that his convictions should be reversed because he was subjected to double jeopardy in violation of his rights under the Fifth Amendment to the United States Constitution and G. L. c. 263, § 7.[1] Alternatively, he contends that he could not lawfully be sentenced in the District Court on complaints which had been dismissed.

The case took the following route through the trial court. After the defendant was arrested in Milton on January 3, 1984, complaints issued from the District Court in Quincy charging him with breaking and entering in the daytime (G. L. c. 266, § 18) and possession of burglarious tools (G. L. c. 266, § 49). The District Court had concurrent jurisdiction with the Superior Court to try both offenses. G. L. c. 218, § 26. The defendant was arraigned. On the morning of January 12, 1984, the defendant appeared with counsel and offered to plead guilty to both charges. A hearing was held, including some form of colloquy between the judge and the defendant, after which the judge announced that he was accepting the guilty pleas. To give the prosecutor time to review the defendant's record, the matter of disposition was put over until after the luncheon recess. After returning from the recess, the judge announced that he was not going to accept the guilty pleas but that, instead, he was declining jurisdiction. The matters were continued in the District Court for the purpose of holding a probable cause hearing.

In the meantime, on January 17, 1984, the Norfolk County grand jury returned indictments for the same two offenses, and the defendant was arraigned on January 23, 1984, in Superior Court. When the original complaints were again before a judge

---

[1] The Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb. . . ." G. L. c. 263, § 7, provides: "A person shall not be held to answer on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits." "In this Commonwealth, the subject of double jeopardy generally has been treated as a matter of common law . . . [citations omitted]." *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 271 n.14 (1982). See also G. L. c. 263, §§ 8 and 8A.

in the District Court, on February 10, 1984, they were dismissed with the notation, "Dismissed — Defendant indicted in Superior Court." There is no indication that either the defendant or his attorney was present when this action was taken by the judge. No probable cause hearing was ever held.

In May of 1984, the defendant filed a motion to dismiss the indictments in Superior Court on the basis of double jeopardy. The motion was accompanied by an affidavit from the defendant's attorney relating what had occurred with respect to the guilty pleas on January 12, 1984, in the District Court in Quincy, and a one-page memorandum in support of the motion arguing that, because of what had occurred in the District Court, the "case must be remanded back to the Quincy District [*sic*] for sentencing." At the hearing on the motion to dismiss the indictments in the Superior Court, the prosecutor agreed that jeopardy had attached when the guilty pleas were accepted in the District Court and that the motion to dismiss the Superior Court indictments, therefore, should be allowed. The motion to dismiss the indictments was allowed on May 30, 1984, with the defendant's consent.

On August 30, 1984, the defendant was brought back before the same District Court judge who had previously heard the case on the defendant's offer to plead guilty. The defendant appeared pro se, having signed a form for waiver of counsel. The judge imposed sentence on the two previously dismissed complaints. The defendant appealed to the jury session at the District Court in Dedham. In that session on November 1, 1984, he moved to dismiss the complaints on double jeopardy grounds. The motion was denied. The case was tried before a jury[2], and on December 19, 1984, the defendant was con-

---

[2] The defendant makes no claim that there was any impropriety in the conduct of the jury trial or that the evidence was insufficient to justify the convictions. Nor does he base his double jeopardy claim on that trial. See *Lydon* v. *Commonwealth,* 381 Mass. 356, cert. denied, 499 U.S. 1065 (1980); *Boston Municipal Court* v. *Lydon,* 466 U.S. 294 (1984). Indeed, it was a mistake to afford the defendant the right to full trial de novo following a guilty plea rather than a finding of guilt. He was entitled only to a review of his sentence. See G. L. c. 278, § 18; District Court Supp.R.Crim.P. 7 (1981); *Commonwealth* v. *Crapo,* 212 Mass.

victed on both charges and sentenced.[3] In the jury session, both at the hearing on the motion to dismiss and at trial, the defendant was represented by counsel.

*Double Jeopardy.*

The defendant claims that he was subjected to double jeopardy when he was sentenced in the District Court in Quincy. Jeopardy had attached earlier when the judge in the District Court accepted his guilty pleas (*Commonwealth* v. *Therrien,* 359 Mass. 500, 503 [1971]), finding implicitly that the pleas were offered voluntarily and intelligently and that there was a factual basis for them. The defendant at no time sought to retract his pleas. The prosecutor, having conceded at the hearing in the Superior Court on the motion to dismiss the indictments that jeopardy had attached, may not claim otherwise now. See *Commonwealth* v. *Lam Hue To,* 391 Mass. 301, 308 (1984).

The defendant attempts to build his double jeopardy argument primarily around the dismissal of the complaints without his consent in the District Court in Quincy.[4] He relies on cases such as *Commonwealth* v. *Hart,* 149 Mass. 7, 9 (1889), and *Commonwealth* v. *Dietrich,* 381 Mass. 458, 462-463 (1980),

---

209, 210 (1912); *Lovett* v. *Butterworth,* 610 F.2d 1002, 1003 n.4 (1st Cir. 1979), cert. denied, 447 U.S. 935 (1980); and Smith, Criminal Practice and Procedure § 2789 (2d ed. 1983). The defendant benefited from the mistake since it gave him an opportunity to be acquitted to which he was not entitled.

[3] The defendant had been sentenced by the judge in the District Court in Quincy to two consecutive two and one-half year terms. After trial in the District Court in Dedham, he received consecutive sentences of two, and two and one-half years, respectively. On March 19, 1985, on a motion to revise and revoke, his sentence was reduced to the time (eleven and one-half months) served.

[4] The defendant was not placed in jeopardy in the course of any of the proceedings in the Superior Court. The issuance of the indictments, the arraignment, and the motion hearing were all preliminary in nature. Jeopardy does not attach until a jury is sworn or, in a nonjury case, until evidence is taken. *Costarelli* v. *Commonwealth,* 374 Mass. 677, 682 (1978). *Commonwealth* v. *Gonzalez,* 388 Mass. 865 (1983). The dismissal of the indictments by the judge in the Superior Court would not bar further proceedings because it was ordered at the defendant's request. See *Commonwealth* v. *Babb,* 389 Mass. 275, 282 (1983).

and also on Mass.R.Crim.P. 16(b), 378 Mass. 885 (1979), which prohibit on double jeopardy grounds retrial of criminal charges as to which a dismissal or a nolle prosequi order is entered after jeopardy attaches. Contrast *Costarelli* v. *Commonwealth,* 374 Mass. 677, 681-683 (1978). The instant case is not controlled by that sound general rule, however. This is because, prior to the dismissal of the complaints in the District Court in Quincy, the defendant had been convicted. *Commonwealth* v. *DeMarco,* 387 Mass. 481 (1982). The principal purpose of the double jeopardy clause is "to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green* v. *United States,* 355 U.S. 184, 187 (1957). The only time that the defendant was before a court to defend himself on the merits of the criminal charges, other than at his trial de novo, was during the hearing on his guilty pleas. By pleading guilty, the defendant waived his right to trial, including trial by jury, and all that remained to be done after the acceptance of the pleas was to impose sentence. Mass.R.Crim.P. 12(c) (3), 378 Mass. 867 (1979). The imposition of the sentence, therefore, was not a subsequent attempt to convict him. It was a postconviction step in the same prosecution. Double jeopardy principles, in these circumstances, do not stand in the way of completion of the proceedings. See *Elder* v. *Commonwealth,* 385 Mass. 128, 134-135 (1982), and *Commonwealth* v. *Babb,* 389 Mass. 275, 282 (1983).

Even if we were to view the dismissal as a midtrial dismissal, it would not be one which would bar further proceedings. Whether further prosecution is contemplated has been referred to as "the critical question" in determining whether a dismissal without a defendant's consent bars further prosecution. See *Lee* v. *United States,* 432 U.S. 23, 28-31 (1977); *Costarelli* v. *Commonwealth,* 374 Mass. at 682-683. It is undisputed that the reason for the dismissal of the complaints in the District Court, as noted in the order, was that the case appeared to be going forward in the Superior Court.

Alternatively, the defendant views the dismissal of the complaints in the District Court as final disposition of the charges,

and one which could not later be changed to his disadvantage. To change the disposition, he argues, would be to subject him to multiple punishment for the same offenses and would run afoul, therefore, of his double jeopardy rights. *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 272 (1982). Neither postconviction sentencing, nor increasing a sentence previously imposed, is necessarily violative of double jeopardy principles, however. See *United States* v. *DiFrancesco,* 449 U.S. 117, 136-137 (1980) (potential increase in sentence after appeal); *Commonwealth* v. *Walsh,* 358 Mass. 193, 196-197 (1970) (increase in sentence by Appellate Division); *Aldoupolis* v. *Commonwealth,* 386 Mass. at 274-275 (postconviction increase in sentence). The dispositive issue is whether the defendant had a reasonable expectation that the dismissal was a final disposition of the charges. See *Aldoupolis* v. *Commonwealth,* 386 Mass. at 274. The dismissal of the District Court complaints was expressly based upon the assumption that the prosecution was going forward in the Superior Court. The defendant could not reasonably have believed that the dismissal was a final disposition of the case.

*Sentencing on Previously Dismissed Complaints.*

The defendant claims, apart from his double jeopardy contentions, that he could not be sentenced in the District Court on his guilty pleas because the complaints had been dismissed. We are aware of no specific authority for a court to act with respect to a criminal defendant in the absence of a pending complaint.[5] Although the Massachusetts Rules of Criminal Procedure are silent on reviving dismissed complaints, "no policy prohibits reconsideration of an order or judgment in appropriate circumstances." *Commonwealth* v. *Cronk,* 396 Mass. 194, 196 (1985). See also *Fine* v. *Commonwealth,* 312 Mass. 252, 255-258 (1942). The sentencing judge, the same judge who had

---

[5] Massachusetts Rule of Criminal Procedure 3(a), 378 Mass. 847 (1979), provides that "[a] criminal proceeding shall be *commenced,* in the District Court by a complaint . . ." (emphasis supplied). General Laws c. 263, § 4, as amended through St. 1983, c. 575, § 11, provides that "[n]o person shall be held to *answer* in any court for an alleged crime, except upon an indictment by a grand jury or upon a complaint before a district court . . ." (emphasis supplied).

originally accepted the guilty pleas and dismissed the complaints, apparently intended to vacate both his dismissal of the complaints and his withdrawal of the acceptance of the guilty pleas and to complete the case by imposing sentence. We know at least that the complaints were before him physically when he imposed sentence. The judge had the authority to vacate the dismissals. Since they were ordered on the erroneous assumption that the defendant could be tried in the Superior Court, it was both sensible and just that the dismissals be vacated. "[A]llowing judges to reconsider prior orders within a reasonable time continues to be an efficient and fair means of advancing the administration of justice." *Commonwealth* v. *Cronk,* 396 Mass. at 196-197. See also *Commonwealth* v. *Mandile,* 15 Mass. App. Ct. 83, 86 (1983).

We must ask, however, what minimal procedures are necessary before a judge may reinstate dismissed complaints. The dismissal of a criminal complaint is a significant event for a criminal defendant. It generally signifies to him the end of the prosecution. A dismissal may not be vacated if to do so would constitute double jeopardy; and a dismissal ought not to be vacated if the defendant has been prejudiced with respect to his right to a speedy resolution of the case or if there has been some prejudicial prosecutorial misconduct. Minimally, therefore, it should be done only on motion, with notice and a full opportunity for a defendant to be heard in opposition. See *Commonwealth* v. *Cronk,* 396 Mass. at 195-196.

The defendant was not offered the opportunity for such a hearing before the dismissed complaints were revived, and no express order to reinstate the complaints was made by a judge. The issue raised, however, is a technical one.[6] The defendant's double jeopardy argument has been considered and rejected both in the District Court in Dedham and in this appeal, and he makes no claim that there was prejudicial prosecutorial misconduct or that his right to a speedy trial or a speedy

---

[6] We need not decide whether the issue is one which is deemed waived by virtue of the defendant's having had a trial de novo. See *Commonwealth* v. *Duquette,* 386 Mass. 834, 836 (1982).

disposition was violated. If we were to afford relief, it would be only to allow for a hearing on the reinstatement of the complaints prior to sentencing. As we have indicated, the material issues have been decided, the defendant has been retried, and the sentence has been served. Moreover, when the defendant requested dismissal of the indictments in the Superior Court, he acknowledged, through counsel, that he ought to be remanded to the District Court for sentencing. Accordingly, in the unusual circumstances of this case, we believe the defendant was not prejudiced by the procedures utilized for bringing the dismissed complaints before the sentencing judge, however inadequate those procedures may be for general application.

*Judgments affirmed.*