Commonwealth *v.* Johnson.

Commonwealth *vs.* Melvin Johnson.

No. 94-P-1571.

Hampden. September 11, 1995. - November 9, 1995.

Present: Dreben, Smith, & Porada, JJ.

*Practice, Criminal*, Instructions to jury, Witness. *Witness*, Unavailability.

In the circumstances of a criminal trial, there was no error in the judge's giving the jury a missing witness instruction [411-412], and there was no substantial risk of a miscarriage of justice created by the judge's failure to inform the jury that an adverse inference from the defendant's failure to call the witness could be drawn only where the jury were persuaded of the truth of the inference beyond a reasonable doubt, where the Commonwealth's case against the defendant was strong and the judge gave clear instructions on presumption of innocence, burden of proof, and reasonable doubt [412-413].

Indictments found and returned in the Superior Court Department on March 6, 1992.

The cases were tried before *Richard F. Connon*, J.

*Richard L. Goldman* for the defendant.

*Marcia B. Julian*, Assistant District Attorney, for the Commonwealth.

Porada, J. The defendant was convicted on indictments charging him with unarmed robbery and larceny of a motor vehicle by a jury in the Superior Court. On appeal, he claims that the judge erred in giving a missing witness instruction to the jury and compounded the error by giving a defective instruction. We affirm.

The defendant argues that the judge should not have given a missing witness instruction because the Commonwealth had not established the necessary foundation. The appropriateness of a "missing witness" instruction "necessarily depends, as with inferences generally, upon the posture of the particular case and the state of the evidence." *Common-*

*wealth* v. *O'Rourke*, 311 Mass. 213, 222 (1942). *Commonwealth* v. *Graves*, 35 Mass. App. Ct. 76, 81 (1993).

Here, the Commonwealth's case against the defendant was a strong one. The victim testified that she left her vehicle with the engine running in order to make a phone call at a gas station located next to a Burger King restaurant in Springfield. As she made her call she saw a man get into the car and drive it away. The victim had left some personal belongings, including some of her pay checks in the car. Two days later (after the defendant was apprehended with two other people who tried to cash one of her pay checks at a grocery store), the victim identified the defendant in a photographic array as the man who stole her car.

At the trial, the defendant admitted that on the same day that the victim's car was stolen, he had been driving around in Springfield in a car occupied by three of his friends — Van Kilpatrick, Claude Brantley and Cornell Rogers — and that as they drove into Burger King, located next to the gas station at which the victim's car was stolen, Kilpatrick got out and said he was going to take a car. The defendant then stated that moments later Brantley moved into the driver's seat and drove to Lionel Benoit Road in Springfield where they observed the car Kilpatrick had taken. The victim's car was later found at that location. The defendant said that on the following day Brantley told him that he needed a white girl to help him cash a check. The defendant introduced Brantley to his neighbor and the three of them proceeded to a grocery store where Brantley and the defendant's neighbor were arrested when they attempted to cash one of the victim's pay checks. The defendant at that time was apprehended outside the store.

Based on this evidence, the defendant would naturally have been expected to call his friend Cornell Rogers as a witness who could corroborate his version of the incident. Rogers' testimony was neither unimportant, collateral, nor cumulative but rather necessary to corroborate the defendant's testimony. *Commonwealth* v. *Graves*, 35 Mass. App. Ct. at 83.

The defendant argues, however, that even if this is so, the instruction should not have been given because the Commonwealth did not establish that the witness, Cornell Rogers, was more available to the defendant than to the Commonwealth, particularly in light of his incarcerated status at the York Street jail in Springfield. While availability is one of the factors a judge should examine before giving a "missing witness" instruction, there was nothing in the record to indicate that the witness's presence could not have been secured by the defendant as well as by the Commonwealth if desired. In addition, the mere fact that a witness appears to be equally available to both parties does not preclude the giving of such an instruction if it appears from the posture of the case that the defendant would be naturally expected to call the witness. *Commonwealth* v. *Niziolek,* 380 Mass. 513, 519 (1980). This is particularly true where there is evidence that the witness is a friend of the accused. *Id.*

The defendant argues, however, that no such inference could be drawn in this case because he had a plausible reason for nonproduction of the witness, namely the fact that the witness was incarcerated at the York Street jail. See *Commonwealth* v. *Franklin,* 366 Mass. 284, 294 (1974). While the record is silent as to the witness's status at the York Street jail, the defendant's argument carries no weight, because he never indicated to the court that he chose not to call Cornell Rogers as a witness because of his incarceration.

In sum, we conclude that the judge's decision to give a "missing witness" instruction was entirely reasonable given the posture and state of the evidence in this case. *Commonwealth* v. *Gagliardi,* 29 Mass. App. Ct. 225, 244 (1990).

The defendant also argues that the instruction was defective as given because it did not identify the missing witness and did not indicate that an adverse inference from the defendant's failure to call the witness could only be drawn where the jury were persuaded of the truth of the inference beyond a reasonable doubt. We find no merit in the defendant's argument that the instruction was defective because it did not identify the witness by name. It was clear from both

the defendant's and the Commonwealth's arguments that the witness was Cornell Rogers. We do, however, agree that it was error for the judge to fail to inform the jury that they should not draw an adverse inference against the defendant for failure to call Rogers as a witness unless they were persuaded of the truth of the inference beyond a reasonable doubt. *Commonwealth* v. *Niziolek*, 380 Mass. at 522. *Commonwealth* v. *Olszewski*, 416 Mass. 707, 724 n.18 (1993).

Nonetheless, in this case the defendant made no objection to the substance of the missing witness charge. Accordingly, our review is limited to the standard of substantial risk of miscarriage of justice. *Commonwealth* v. *Olszewski*, 416 Mass. at 724 n.18. Given the strength of the Commonwealth's case against the defendant and the judge's clear instructions on presumption of innocence, burden of proof, and reasonable doubt, we conclude that no substantial risk of a miscarriage of justice arose from the judge's omission. Compare *Commonwealth* v. *Olszewski*, 416 Mass. at 724 n.18. *Commonwealth* v. *Graves*, 35 Mass. App. Ct. at 86-87.

*Judgment affirmed.*