## COMMONWEALTH *vs.* GUY L. SMITH.

No. 95-P-1743.

Franklin. October 16, 1997. - March 10, 1998.

Present: BROWN, LAURENCE, & SPINA, JJ.

*Kidnapping. "Carjacking" Statute. Robbery. Practice, Criminal,* Lesser included offense, Duplicative charges, Sentence.

At the trial of an indictment for unarmed robbery, where the judge incorrectly instructed the jury on the element of intent, and where there was also an error in the instruction on the element of intent in a related charge arising out of the same incident, a new trial was granted on both charges. [395]

The offense of kidnapping, G. L. c. 265, § 26, is not a lesser included offense of carjacking, G. L. c. 265, § 21A, inasmuch as each crime requires proof of an additional fact that the other does not. [395]

This court concluded that a defendant may properly be retried and, if convicted, sentenced for both carjacking and unarmed robbery, where both offenses, although arising from the same factual circumstances, require proof of mutually exclusive elements. [395-397]

INDICTMENT found and returned in the Superior Court Department on August 12, 1994.

The case was tried before *William H. Welch,* J.

*Edward B. Gaffney* for the defendant.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant received a sentence of from thirteen to fifteen years on a carjacking charge, a consecutive sentence of from four to seven years on a kidnapping charge, and a sentence of from ten to twelve years on an unarmed robbery of a person over sixty-five years of age, to be served concurrently with the carjacking sentence. The defendant appeals from the judgments.

We summarize the relevant facts. The defendant "push[ed] his way into the [victim's] car," said, "I have a gun," and made a threatening demand for the keys to the car. When the victim

refused, the defendant punched him and bit his fingers until the keys were released. The defendant picked up the keys and drove off. During an approximately ninety-minute period, the defendant drove "very erratically," often speeding excessively, crashed the car into a guard rail, then, shortly thereafter, ran into the rear of a truck (injuring the victim), and finally brought the automobile to rest in a company parking lot, whereupon the defendant got out of the car and walked away.

With respect to the unarmed robbery offense, the Commonwealth, to its credit, confesses error in the judge's instructions on intent to deprive permanently. The judge instructed that an indifference whether the victim recovered his property automatically constituted proof of an intent to deprive permanently. And, as the Commonwealth also points out, the judge did not correct the error when he instructed the jury on the elements of carjacking. We accept the Commonwealth's confession of error and, accordingly, reverse the defendant's convictions of carjacking and unarmed robbery of a person over age sixty-five. At any new trial, the judge ought to instruct appropriately on carjacking and robbery in a manner consistent with the teachings of *Commonwealth* v. *Moore*, 36 Mass. App. Ct. 455, 457 (1994).

As no error has been made to appear relative to the defendant's conviction of kidnapping, that conviction may be affirmed.

We briefly discuss two questions that may arise at any retrial.

(a) Contrary to the defendant's contention, kidnapping and carjacking are not duplicative offenses. The offense of carjacking is defined as follows: "Whoever, with intent to steal a motor vehicle, assaults, confines, maims or puts any person in fear for the purpose of stealing a motor vehicle . . . ., whether he succeeds or fails . . . ." G. L. c. 265, § 21A, inserted by St. 1992, c. 412, § 2. General Laws c. 265, § 26, as appearing in St. 1971, c. 900, defines the crime of kidnapping as "[w]hoever, without lawful authority, forcibly or secretly confines or imprisons another person within this commonwealth against his will . . . ." Thus, as matter of law, kidnapping is not a lesser included offense of carjacking as "each crime requires proof of an additional fact that the other does not." *Commonwealth* v. *Crocker*, 384 Mass. 353, 357 (1981). See *Commonwealth* v. *Rodriguez*, 11 Mass. App. Ct. 379, 380 (1981), and cases cited.

(b) Similarly, we conclude that the crimes of carjacking and

unarmed robbery of a person over age sixty-five are not duplicative offenses.[1] The defendant does not argue that unarmed robbery is a lesser included offense of carjacking; rather, he makes the two-pronged argument that these two offenses are "so closely related in fact as to constitute in substance but a single crime," *Commonwealth* v. *Sanchez*, 405 Mass. 369, 381 (1989), and that "the sequence of the [acts] was so close that as a matter of fact and sense the acts involved were so intertwined as to be one." *Commonwealth* v. *Sullivan*, 20 Mass. App. Ct. 802, 809 (1985). He claims that the unarmed robbery of the car keys was so closely related to the carjacking that the Commonwealth did not have to prove anything beyond the unarmed robbery of the car keys in order to prove the carjacking. That argument has some facial appeal, as arguably it "is in accord with the realities of the offenses and the circumstances within which they occur." *Costarelli* v. *Commonwealth*, 374 Mass. 677, 684 (1978). See *Commonwealth* v. *Wilson*, 381 Mass. 90, 125 (1980) ("[i]f, on the evidence and the judge's charge in a particular case, one crime could have been proved completely by evidence forming part of the necessary proof of the other crime, we have disallowed the imposition of consecutive sentences").

We, however, think that *Commonwealth* v. *Crocker*, 384 Mass. at 360-361, articulates the determinative standard, i.e., provided that all offenses are tried in a single proceeding, if each crime requires proof of an additional fact that the other does not, multiple sentences may be imposed even though the offenses arise from the same criminal act. See *Commonwealth* v. *Arriaga*, *ante* 382 (1998). Compare *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979), and authorities cited therein. Carjacking and unarmed robbery of a person over sixty-five years of age have mutually exclusive elements and therefore are not duplicative under *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871): carjacking requires proof that an automobile was the object of the defendant's desire, while unarmed robbery of a person over age sixty-five, in addition to requiring proof the victim is over sixty-five, requires proof of asportation. Thus, the defendant may be retried for both offenses, and if convicted

---

[1]The indictment for unarmed robbery charged the defendant with stealing the car keys from the victim.

of both, he may properly be sentenced on both.[2] Contrast *Commonwealth* v. *Jones*, 382 Mass. 387, 394-395 (1981).

We have considered the defendant's other claims of error and determine them to be devoid of merit.

The defendant is entitled to a new trial on the offenses of carjacking and unarmed robbery of a person over sixty-five years of age; those judgments are reversed, and the verdicts as to each are set aside. The judgment on the indictment for kidnapping is affirmed.

*So ordered.*

---

[2]One caveat should be stated: In circumstances similar to those presented here, there may well be an exception to the *Crocker-Arriaga* rule: where the *indictment* specifies that a car was the object of the unarmed robbery, carjacking might, in fact, be a lesser included offense of unarmed robbery, even under the elements-based test of *Morey* v. *Commonwealth, supra.* Such an exception could be defined by an objective test (e.g., by requiring that the elements-based test of *Morey* be applied to the offenses as actually set out in the indictment instead of looking at the definition of the crimes in the abstract) rather than the more subjective tests of *Costarelli* v. *Commonwealth,* 374 Mass. at 683-684, *Commonwealth* v. *St. Pierre,* 377 Mass. at 662-663, and *Commonwealth* v. *Jones,* 382 Mass. at 394. However, we need not reach that issue here.