COMMONWEALTH *vs.* DAMON KEMP. No. 96-P-2033. December 7, 1998. *Robbery. "Carjacking" Statute. Larceny. Practice, Criminal,* Duplicative charges. *Evidence,* Hearsay.

The defendant appeals from convictions of armed robbery, G. L. c. 265, § 17; assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*); carjacking, G. L. c. 265, § 21A; and larceny of a motor vehicle, G. L. c. 266, § 28. The jury could have found that the defendant, acting with others, lured the victim by chicanery to an unfamiliar place in Brockton and then pulled him from his vehicle while simultaneously beating him with a metal object with the intent to steal the vehicle. The defendant continued to beat the victim severely, and, after the victim complied with the defendant's order to give him money, the defendant hit the victim with a metal object again before driving away in the victim's vehicle.

*Duplicative convictions.* The defendant argues that because the carjacking was accomplished by an assault with an intent to steal, both of which are elements of armed robbery, the carjacking was a lesser included offense of armed robbery. Although the indictment for armed robbery here specified that the property taken was money, the defendant argues that, because the armed robbery statute specifies that the crime may be accomplished by taking "money

or other property," G. L. c. 265, § 17 (as appearing in St. 1952, c. 406, § 1), and because (he argues) there was one assault on one victim with an intent to steal both the money and the car, there was but one act and one offense — armed robbery — and the armed robbery and carjacking indictments are therefore duplicative. See *Commonwealth* v. *Levia*, 385 Mass. 345, 347-351 (1982); *Commonwealth* v. *Murphy*, 415 Mass. 161, 164-165 (1993); *Commonwealth* v. *Gordon*, 42 Mass. App. Ct. 601, 603-605 (1997). Further, he argues that, since the automobile was taken from the victim at the same time his money was stolen, the larceny of the motor vehicle was also part of the armed robbery and those two indictments are also duplicative.

Contrary to the defendant's contention, his conduct did not constitute one single act. There were three separate and distinct acts resulting in three separate and distinct crimes. Contrast *Commonwealth* v. *Thomas*, 401 Mass. 109, 120 (1987) (indecent assault and battery and rape "so closely related in fact as to constitute in substance but a single crime"); *Commonwealth* v. *Sullivan*, 20 Mass. App. Ct. 802, 809 (1985) (assault and battery by means of a dangerous weapon indictment duplicative of murder indictment when "the acts involved were so intertwined as to be one"). Because carjacking does not require asportation, that crime occurred when the defendant forcibly removed the victim from the car with the intent to steal the vehicle. *Commonwealth* v. *Smith*, 44 Mass. App. Ct. 394, 396 (1998). The armed robbery was complete when the defendant took the victim's money after beating him. The larceny of a motor vehicle resulted from the defendant's driving away with the victim's car. See *Commonwealth* v. *Mamay*, 407 Mass. 412, 418 (1990); *Commonwealth* v. *Griffin*, 19 Mass. App. Ct. 174, 190 (1985).

The defendant relies on *Commonwealth* v. *Murphy*, 415 Mass. at 164-165, in arguing that, although he may have intended to steal the money and the automobile, separate indictments for armed robbery and carjacking were not warranted because under the armed robbery statute armed robbery may be accomplished by the taking of "money or other property." The defendant's reliance on *Murphy*, however, is misplaced, because that case discussed one act of bribery with two different intents, constituting one bribery offense, whereas here the defendant was convicted of two distinct crimes resulting from two separate acts: one charge concerned an assault with the intent to steal the victim's money and the actual taking of the victim's money; the other, an assault with intent to take the automobile.

Moreover, even if the crimes were considered to have arisen from a single act, the convictions here of armed robbery and carjacking would not be duplicative. A defendant may be properly prosecuted and punished for crimes arising out of a single course of conduct provided that each crime requires proof of an element that the others do not. *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871). *Commonwealth* v. *Cobb*, 45 Mass. App. Ct. 271, 275-276 (1998). Armed robbery does not require the intent to steal a motor vehicle specifically, as does carjacking; also, to prove armed robbery, it must be established that the property was actually taken, whereas carjacking requires only that an individual who intends to steal the car put a victim in fear. As already noted, the armed robbery indictment here specifically stated that the object of the armed robbery was the victim's money, not an automobile. Contrast *Commonwealth* v. *Smith*, 44 Mass. App. Ct. at 397 n.2 (carjacking may be a lesser included offense of unarmed robbery if the indictment specifies that a car was the object of the unarmed robbery).

Finally, the defendant, relying on *Commonwealth v. Norman*, 27 Mass. App. Ct. 82, 85-86 (1989), asserts that the larceny of the motor vehicle was a lesser included offense of the armed robbery because there was only one victim and both the car and the money were stolen at the same time. The holding in *Norman*, however, is inapplicable because that case involved larceny of a motor vehicle and armed robbery with respect to the theft of only one item, the motor vehicle, whereas here the armed robbery indictment specified that the object of the robbery was money.

*Evidentiary issues.* The defendant next argues that the prosecutor and the judge elicited an inadmissible multiple hearsay statement from a witness (that another witness had told her that the defendant had asked that witness to change her story) and that the prosecutor asked an improper question of the same witness (whether the defendant had told her that defense counsel said she would think of options for defense witnesses to testify to). Even if these matters were improperly admitted, the defendant must prove that there was a substantial risk of a miscarriage of justice because defense counsel failed to make sufficient objections at trial. See *Commonwealth v. Cancel*, 394 Mass. 567, 570 (1985) (general objection was insufficient to preserve a hearsay objection because statement may have been relevant and admissible on different ground); Liacos, Massachusetts Evidence § 3.8.2 (6th ed. 1994). First, these statements went to peripheral issues at trial. Moreover, the Commonwealth's case was strong: among other evidence, the victim, who was able to observe his assailants in a well lighted area during the attack, identified the defendant as the man who beat him; and the defendant admitted to being present on the night in question at the school where the attack occurred and to seeing the victim there shortly before the attack. Finally, in regard to the judge's questioning of the witness, we note that the trial judge gave instructions to the jury to disregard anything he said during trial as conclusive of the credibility of the witnesses, the facts, or the verdict. For these reasons, we conclude that these statements did not create a substantial risk of a miscarriage of justice. See *Commonwealth v. Johnson*, 39 Mass. App. Ct. 410, 413 (1995).

*Judgments affirmed.*

*David M. Skeels*, Committee for Public Counsel Services, for the defendant.
*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth.