COMMONWEALTH vs. KEVIN KIRKPATRICK.

No. 96-P-1436.

Plymouth. January 8, 1998. - March 2, 1998.

Present: PERRETTA, GILLERMAN, & LAURENCE, JJ.

*Controlled Substances. Joint Enterprise. Words,* "Knowingly," "Abet."

At the trial of an indictment under G. L. c. 94C, § 32K, alleging that the defendant knowingly abetted a person under the age of eighteen to dispense a controlled substance, the evidence was sufficient to warrant the inferences that the defendant knew that a twelve-year-old was concealing heroin in a shopping cart for transfer through another person to the defendant to sell, and that the defendant stood ready to assist the child in the unlawful distribution. [357-358]

INDICTMENT found and returned in the Superior Court Department on November 15, 1993.

The case was tried before *James F. McHugh, III,* J.

*Peter E. Sheridan* for the defendant.

*Daniel P. Bulger,* Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. The defendant appeals from his conviction on an indictment charging him with inducing or abetting a minor to distribute or sell controlled substances. See G. L. c. 94C, § 32K. He argues that there was insufficient evidence to sustain his conviction under § 32K (which has not previously been construed or applied by this court) and, therefore, his motion for a required finding of not guilty should have been allowed. We summarize the facts most favorable to the Commonwealth. See *Commonwealth* v. *Latimore,* 378 Mass. 671, 676 (1979).

In September, 1993, the State police were investigating an alleged heroin distribution operation in Brockton. Following a telephone call made by Trooper McGinn working undercover, six bags of heroin were arranged to be delivered to McGinn at a public pay telephone at the corner of North Main Street and

West Ashland Street in Brockton. As Trooper McGinn was waiting at the telephone, a group of people approached him. Included in the group were the defendant, Igar Serrrano-Ortiz (Ortiz), and three children. Trooper McGinn recognized one of the children from a previous surveillance. The child (child), approximately twelve years of age, was pushing a shopping cart – the type seen in supermarkets.

Trooper McGinn told Ortiz that he needed six bags of heroin, whereupon the child asked him a series of questions – the telephone number McGinn had called, where McGinn had obtained the telephone number, and who he knew. Trooper McGinn, the defendant, Ortiz, and the children were then standing in a single group. ·

At that moment, Jesus Jimenez came around the corner on a bicycle. Jimenez told Ortiz that Trooper McGinn was "OK." After seeing the child reach into the shopping cart underneath a basketball, Trooper McGinn turned his attention away from the child to talk to Jimenez. When McGinn returned his attention to Ortiz, he saw Ortiz handing six bags to the defendant.

Trooper McGinn and the defendant walked a short distance away from the group, and the defendant handed McGinn six bags. Trooper McGinn gave $60 to the defendant and left the area. The contents of the bags were later tested to be heroin.

Another trooper, Galizio, observed the entire transaction from a nearby automobile. He saw the child reach into the shopping cart, take something out, and hand it to Ortiz. Trooper Galizio then saw Ortiz transfer to the defendant what Ortiz had received from the child, after which the defendant and Trooper McGinn walked a few steps together. Trooper Galizio saw McGinn and the defendant exchange something, and then he saw the original group walk away together.

General Laws c. 94C, § 32K, inserted by St. 1990, c. 198, provides that any person "who knowingly causes, induces or abets a person under the age of eighteen to distribute, dispense or possess with the intent to distribute or dispense any controlled substance . . . shall be punished." An act is done "knowingly" if it is the "product of conscious design, intent or plan that it be done, and is done with awareness of probable consequences." *Still* v. *Commissioner of the Dept. of Employment and Training*, 423 Mass. 805, 812 (1996). An abettor is one who, by agreement, is in a position to render aid to those participating in the commission of a crime, even if the abettor does not participate

in the actual perpetration of the crime. See *Commonwealth* v. *Soares*, 377 Mass. 461, 471-472, cert. denied, 444 U.S. 881 (1979). See also *Commonwealth* v. *Longo*, 402 Mass. 482, 486 (1988) ("[I]f one is, by agreement, in a position to render aid he is an abettor . . . because his presence may encourage the perpetrator by giving him hope of immediate assistance").

The § 32K requirements of "knowingly" to "abet" a person under the age of eighteen to distribute or dispense a controlled substance requires proof beyond a reasonable doubt that the defendant knew that the person was under eighteen,[1] that the minor had dispensed or distributed a controlled substance, and that the defendant, by agreement with the minor (express or implied), stood ready to assist the minor in the unlawful distribution of the controlled substance. That, in substance, is what the judge charged the jury.

The defendant argues that there was no showing that the defendant was aware that heroin was concealed in the shopping cart, or that the defendant stood ready to assist the child if needed. The defendant insists that he was merely present at the scene, and no more.

We are unpersuaded. The testimony of Troopers McGinn and Galizio established the following facts. In response to McGinn's buy order, the defendant, together with the child, Ortiz, and two other children as a group, approached McGinn at the agreed location for the transaction. With the defendant standing by, the child questioned Trooper McGinn, and with the defendant standing by, the child retrieved six bags of heroin — the precise amount ordered by McGinn — and turned them over to Ortiz for delivery to the defendant, and thus to McGinn, completing the agreed upon transaction. The inference that the defendant knew that the child was transferring bags of heroin to Ortiz for delivery to the defendant is virtually irresistible.

There was no evidence of an express agreement between the defendant and the child, but there was no need of any. The jury could reasonably infer from the facts we have outlined that the defendant and the child each knew that the mission of the group was to deliver six bags of heroin to Trooper McGinn, that the child's task was to bring the bags of heroin, concealed underneath a basketball in a shopping cart pushed by the child, to the telephone booth, and that the defendant's task was to

---

[1] It is not disputed that the child was under the age of eighteen.

deliver the heroin to McGinn in exchange for the agreed amount of cash. The jury could also reasonably infer from these circumstances that the defendant and the child shared the understanding that, if the child needed assistance, the defendant (and Ortiz) stood ready to provide such assistance to the child as was necessary to carry out the mission of the group. See *Commonwealth* v. *Longo*, 402 Mass. at 487 ("The inferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable").

There was no error in the denial of the defendant's motion for a required finding of not guilty.

*Judgment affirmed.*