COMMONWEALTH *vs.* EDWIN MONTALVO.

No. 98-P-1778.

Worcester. March 21, 2000. - September 14, 2000.

Present: KASS, GILLERMAN, & JACOBS, JJ.

*Controlled Substances. Minor. Practice, Criminal,* Presumptions and burden of proof, Instructions to jury. *Statute,* Construction.

This court concluded that, in a prosecution under G. L. c. 94C, § 32K, for exploiting a minor to distribute drugs, the Commonwealth is required to prove only the age of the minor and not that the defendant knew that the minor was under the age of eighteen. [87-89]

At the trial of an indictment for exploiting a minor to distribute drugs, the judge's instructions to the jury on distribution of a controlled substance were correct and sufficient. [89]

INDICTMENT found and returned in the Superior Court Department on July 18, 1995.

The case was tried before *Diane M. Kottmyer,* J.

*Lisa J. Stephani* for the defendant.

*Anne S. Kennedy,* Assistant District Attorney, for the Commonwealth.

KASS, J. In her charge to the jury describing the crime of exploiting a minor to distribute drugs, G. L. c. 94C, § 32K, the trial judge, over objection, instructed that the Commonwealth was not required to prove the defendant knew that the girl he was using to sell drugs was under age eighteen. In his appeal, the defendant, relying on *Commonwealth* v. *Kirkpatrick,* 44 Mass. App. Ct. 355, 357 (1998), cites that aspect of the judge's charge as a primary error. The defendant was convicted of the exploitation count and was also convicted of unlawful distribution of marijuana (G. L. c. 94C, § 32C[*a*]), unlawful distribution of marijuana in a school zone (G. L. c. 94C, § 32J), and threatening to commit a crime against a person (G. L. c. 275, § 2). We affirm the judgments.

1. *Facts.* Taking the evidence in the light most favorable to the prosecution, *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), the jury could have found as follows. On May 7, 1995, Claire,[1] who was fourteen years old, while walking with a friend on Jacques Avenue in Worcester, heard the defendant, whom she knew, calling her name. She went over to him. The defendant gave her eight bags of marijuana and said, "Here hold this. If you can sell it, sell it." Claire, who had declined a like proffer "once or twice" before, accepted the drugs.

Later that day, Claire, with friends, went to a shopping mall and was caught shoplifting a belt from a Filene's Basement store. In connection with Claire's petty theft (observed on a video surveillance system), a security officer had a saleswoman empty Claire's pockets. That search produced not only the stolen belt but the eight bags of marijuana. On advice from an adult mentor that she might be in less trouble with the Juvenile Court if she explained how she had come by the marijuana, Claire, accompanied by the mentor and her mother, went to the police and gave a statement identifying the defendant as her source.

2. *Defendant's knowledge of Claire's age.* During the trial, the issue whether the defendant knew that Claire was younger than age eighteen came up in two contexts. First, the defendant moved for a required finding of not guilty on the charge of exploiting a minor to distribute drugs on the ground that the Commonwealth had failed to prove the defendant knew Claire was under age eighteen. The trial judge denied the motion. At the jury charge conference, the point came up again. Counsel for the defendant asked that the judge charge the jury that an element of the crime of exploiting a minor to distribute drugs was knowledge of the defendant that the minor was under age eighteen. The judge declined to so charge and, indeed, instructed the jury:

> "[I]t is not required that the Commonwealth prove that the defendant knew that [Claire] was under eighteen years of age. It is sufficient if the Commonwealth proved that she was in fact under eighteen years of age at the time of the alleged crime."

The governing statute, G. L. c. 94C, § 32K, added by St. 1990, c. 198, provides:

---

[1] A pseudonym.

"Any person who knowingly causes, induces or abets a person under the age of eighteen to distribute, dispense or possess with intent to distribute or dispense any controlled substance . . . shall be punished by imprisonment in the state prison for not less than five years nor more than fifteen years."[2]

In *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. at 357, the defense acknowledged the age of the youth involved — twelve years — and the age of the juvenile participant was not an issue in the case. We said by way of dictum, however, that § 32K "requires proof beyond a reasonable doubt that the defendant knew the person was under eighteen." The *Kirkpatrick* opinion was published in 1998, three years after the trial in 1995 of Montalvo, the defendant in the case before us. In light of the statement in *Kirkpatrick* quoted above, the Commonwealth in the instant case has confessed error and has conceded that Montalvo is entitled to a new trial on the conviction of exploiting a minor.

The Commonwealth's confession of error has heft, but does not relieve us of our duty to determine independently whether an error was, in fact, committed. *Young* v. *United States*, 315 U.S. 257, 258-259 (1942). *Commonwealth* v. *Clark*, 23 Mass. App. Ct. 375, 379 (1987). *Commonwealth* v. *McClary*, 33 Mass. App. Ct. 678, 686 n.6 (1992), cert. denied, 510 U.S. 975 (1993). As the question whether the prosecution must prove that the defendant knew the age of the juvenile participant is now squarely before the court, we reexamine what § 32K requires.

Generally, when age is a factor in an offense, the government is not required to prove that the offender knew the age of the person to whom age is relevant, whether that person be victim or collaborator. A notable example is the crime of statutory rape, G. L. c. 265, § 23. It is immaterial that the defendant reasonably thought the victim was sixteen or older. *Commonwealth* v. *Miller*, 385 Mass. 521, 522 (1982). The same is true of the related crime of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B. *Commonwealth* v. *Knap*, 412 Mass. 712, 714-715 (1992). Similarly, scienter as to age is not an element of the offense of selling alcoholic beverages to a person under age twenty-one, G. L.

---

[2]A second sentence of § 32K makes five years a mandatory minimum sentence.

c. 138, § 34. *Burlington Package Liquors, Inc.* v. *Alcoholic Bevs. Control Commn.*, 7 Mass. App. Ct. 186, 190 & n.7 (1979). Another example is unarmed robbery of a person over age sixty-five, G. L. c. 265, § 19(*a*). *Commonwealth* v. *Smith*, 44 Mass. App. Ct. 394, 396 (1998) (requires proof of victim's age but not proof of defendant's knowledge). The Commonwealth must present evidence of the victim's age but need not prove the defendant knew the victim's age. *Commonwealth* v. *Pittman*, 25 Mass. App. Ct. 25, 26-27 (1987).[3]

Structurally, there is a difference between the "no scienter" statutes we have enumerated and G. L. c. 94C, § 32K, the exploitation of a minor statute we have under examination. An example of the generic type of statute is G. L. c. 265, § 13B, which begins: "Whoever commits an indecent assault and battery on a child under the age of fourteen shall be punished . . . ." Section 32K of c. 94C begins: "Any person who knowingly causes, induces or abets a person under the age of eighteen to distribute . . . any controlled substance . . . shall be punished . . . ." The different ingredient is the adverb "knowingly." As matter of grammar, "knowingly" modifies the verbs "causes, induces or abets" and does not modify the object of those words. Grammar is a useful but not infallible guide to statutory interpretation. 2A Singer, Sutherland Statutory Construction § 47.01 (6th ed. 2000). See *Value Oil Co.* v. *Irvington*, 152 N.J. Super. 354, 365 (1977), aff'd, 164 N.J. Super. 419 (1979). Here, however, comparison with other Massachusetts statutes illuminates the point. When the Legislature has wanted scienter about age to be an element of the offense, it has said so expressly. So, for example, G. L. c. 272, § 29A(*a*),

---

[3]Similarly structured statutes are: G. L. c. 269, § 16, selling an arrowhead to a person under age fifteen; G. L. c. 10, § 29, selling a lottery ticket to a person under age eighteen; G. L. c. 94, § 303D, sale of wood alcohol to a person under age sixteen; G. L. c. 94C, § 32I, selling drug paraphernalia to a person under age eighteen; G. L. c. 149, § 60, limitations on employment of children under sixteen; G. L. c. 265, § 13J, assault and battery on a child under fourteen; G. L. c. 265, § 13K, assault and battery on a person sixty years or older; G. L. c. 265, § 15B, assault and battery with a dangerous weapon on a person age sixty or older; G. L. c. 265, § 26, kidnapping a child under sixteen; G. L. c. 265, § 44, coercing a child under eighteen into a criminal conspiracy; G. L. c. 266, § 25(*a*), larceny by stealing from a person sixty-five or older; G. L. c. 266, § 30(5), larceny by false pretenses, etc., from a person sixty or older; G. L. c. 272, § 4, inducing a person under eighteen of chaste life to have unlawful sexual intercourse; and G. L. c. 272, §§ 4A & 4B, inducing a minor into prostitution and sharing of earnings.

having to do with an aspect of child pornography, provides: "Whoever, either with knowledge that a person is a child under eighteen years of age or while in possession of such facts that he should have reason to know that such a person is a child under eighteen years of age, and with lascivious intent, hires, coerces, solicits or entices . . . shall be punished . . . ." A related statute, G. L. c. 272, § 29C, added by St. 1997, c. 181, § 2, illustrates the statutory drafting point most sharply. That statute, like § 32K of c. 94C, begins: "Whoever knowingly purchases or possesses a negative, slide, book . . . of any child" and then adds, "whom the [offender] knows or reasonably should know to be under the age of 18 years of age . . . ." We conclude by comparing § 32K with other provisions in the General Laws that § 32K does not require the prosecution to prove that the defendant knew the age of the youth employed in drug dealing; it is sufficient to prove the age of that youth. The trial judge, therefore, instructed the jury correctly. To the extent that *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. at 357, suggests the contrary, we overrule it.

3. *Sufficiency of evidence as to child's age.* Claire testified that at the time of trial she was fourteen and one-half years old. The judge also remarked on Claire's youthful appearance. There was, therefore, sufficient evidence of her age to go to the jury. *Commonwealth* v. *Hollis*, 170 Mass. 433, 435 (1898).

4. *Jury instruction on distribution of a controlled substance.* The defendant, for the first time on appeal, faults the trial judge for not instructing the jury that a fact to be proved in connection with the crime of distributing a drug is that the defendant possessed the drug. It may be sufficient response that one cannot distribute something one does not possess and that the jury is not going to be misled by the absence of a separate discourse about possession. The more controlling point is that the trial judge substantially tracked the instruction approved in *Commonwealth* v. *Terrelonge*, 42 Mass. App. Ct. 941, 942 (1997). She told the jury that they must find "the substance which the defendant allegedly distributed was a controlled substance, in this case marijuana"; that the defendant did so knowingly or intentionally; and that distribution "means, what it commonly . . . means, to hand over to another, to give away or to transfer ownership from one person to another." There was no error.

*Judgments affirmed.*