COMMONWEALTH *vs.* IGAR SERRANO-ORTIZ. ·

No. 99-P-872.

Plymouth. November 15, 2000. - January 17, 2002.

Present: LAURENCE, SMITH, & RAPOZA, JJ.

*Controlled Substances. Joint Enterprise. Minor. Intent. Evidence,* Joint enterprise, Intent, Hearsay. *Practice, Criminal,* Hearsay. *Words,* "Cause," "Induce."

At the trial of an indictment charging the defendant with causing, inducing, or abetting a minor to distribute or sell a controlled substance, the judge's instructions clearly communicated the Commonwealth's burden with regard to proving that the defendant did "cause" or "induce" a minor to distribute a controlled substance, and the judge did not err in failing to instruct that an essential element of the crime was that the minor and the defendant shared the same intent or had an agreement to distribute a controlled substance. [610-613]

At a criminal trial, the admission into evidence of a police officer's testimony regarding questions asked of him prior to the conclusion of a drug deal was not error, where the testimony was offered not to prove the truth of the matter asserted, but to establish the nature and context of the transaction. [613-614]

INDICTMENTS found and returned in the Superior Court Department on November 15, 1993.

The cases were tried before *Patrick F. Brady,* J.

*John M. Thompson* for the defendant.

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

RAPOZA, J. The defendant appeals his conviction on indictments for unlawful distribution of a controlled substance (heroin), G. L. c. 94C, § 32; unlawful distribution of a controlled substance in a school zone, G. L. c. 94C, § 32J; and causing, inducing, or abetting a minor to distribute or sell a controlled substance, G. L. c. 94C, § 32K. He claims the trial judge erred when he (1) failed to instruct the jury that, under

G. L. c. 94C, § 32K,[1] the Commonwealth must prove that the defendant and the minor had a shared intent or agreement to distribute a controlled substance; and (2) admitted in evidence alleged hearsay statements of the minor. We affirm.

*Background.* Considering the evidence in the light most favorable to the Commonwealth, the jury could have found the following facts. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). In 1993, the Massachusetts State police were investigating a heroin distribution ring believed to be operating from 544 North Main Street, Brockton. On September 15, 1993, Trooper Francis Glasheen called a certain telephone number, known to be utilized by drug dealers at that address, to arrange for the purchase of four bags of heroin. A voice on the phone instructed him to wait at the corner of Battles and North Main Streets in front of a Chinese restaurant. Working undercover, Glasheen went to that location and waited for about fifteen minutes. When no one appeared with the heroin, he called the number again. He was then told that he would be met at the parking lot on the side of 544 North Main Street, which was located just a couple of doors away from the Chinese restaurant. The defendant met Glasheen at the designated location, but stated that he was not familiar with him and that Glasheen should go to Christie's Market, apparently to obtain the blessing of a person named "Eduardo." Glasheen replied that he had already been to the market and no one named Eduardo was there. The defendant told Glasheen to walk with him, and they proceeded for about a block south on North Main Street toward the Winthrop Elementary School. At that point, the defendant gave Glasheen four bags of heroin in exchange for $40.

On September 22, 1993, State Trooper Francis McGinn called the same telephone number to arrange the purchase of six bags of heroin. He waited at the Christie's Market on North Main Street while other police officers conducted surveillance. McGinn was approached by a group of five people: the defendant,

---

[1] In pertinent part, G. L. c. 94K, § 32K, reads as follows: "Any person who knowingly causes, induces or abets a person under the age of eighteen to distribute, dispense or possess with the intent to distribute or dispense any controlled substance . . . shall be punished."

three children, and a male later identified as Kevin Kirkpatrick.[2] One of the children, a twelve year old boy, was pushing a shopping cart with a basketball in the front section of the cart.

McGinn spoke to the defendant and told him that he wanted to buy six bags of heroin. The boy with the shopping cart then spoke to McGinn and asked him some questions regarding what telephone number he had called and whether he knew certain persons. At that point, a man known to McGinn as Eduardo arrived on a bicycle. Eduardo spoke to the defendant and then, looking at McGinn, remarked, "He's O.K." The boy with the shopping cart reached under the basketball and handed something to the defendant. The defendant, in turn, gave the item to Kirkpatrick. Kirkpatrick walked about ten to fifteen feet away with McGinn and produced the item, which proved to be six bags of heroin, which he sold to McGinn for $60. The transaction occurred within 1,000 feet of Winthrop Elementary School.

*Jury instructions.* The defendant did not object to the trial judge's instructions concerning the elements of the offense charged under G. L. c. 94C, § 32K. Consequently, any error would be cause for reversal only if there exists a substantial risk of a miscarriage of justice.[3] *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Evans*, 42 Mass. App. Ct. 618, 622 (1997) (sufficiency of jury instruction is determined within context of entire jury charge).

The defendant argues, relying on *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. 355 (1998), that the trial judge failed to instruct on what the defendant claims to be an essential element of the crime defined in G. L. c. 94C, § 32K, namely, that the minor and the defendant must share the same intent or have

---

[2]Kirkpatrick was tried separately for his involvement in the transaction involving Trooper McGinn. See *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. 355 (1998), overruled in part by *Commonwealth* v. *Montalvo*, 50 Mass. App. Ct. 85, 89 (2000) (holding that the Commonwealth did not have the burden of proving that the defendant knew the other person was under the age of eighteen).

[3]The defendant also suggests on appeal that a joint venture instruction should have been given. We note that at the charge conference, defense counsel requested a joint venture instruction but later withdrew his request. No further mention was made of a joint venture instruction during the remainder of the trial.

an agreement to distribute a controlled substance. If correct, the defendant's position would require that the Commonwealth not only prove that the defendant intended illegal drugs to be distributed, but that the minor was actuated by the same intent. The defendant misreads *Kirkpatrick*, however, since proof of such a shared intent or agreement is not required under the statute.

Our holding in *Kirkpatrick* did not impose upon the Commonwealth the burden of proving that the minor, as well as the adult in question, had an intent to engage in the distribution of controlled substances. The statute is clearly intended to punish those who would use minors of any age as instruments, unwitting or otherwise, in the drug trade.[4] As such, the statute primarily seeks to prevent the victimization of children by adults who would manipulate them for their own criminal ends. Consequently, it is the intent of the adult defendant, the one accused of using a child for such a purpose, that is relevant to prove the crime.

Under the scenario suggested by the defendant, unless the Commonwealth can establish that a child knows that the item being handled is a controlled substance, and shares the adult defendant's intention that it be distributed to another, the adult defendant cannot be convicted under the statute. Thus, a drug dealer who instructs a child to give a sealed package containing a controlled substance to a man standing down the street, telling the child that he, the drug dealer, will wait on the corner, could not be convicted under the statute unless the child knew that he was handing over a package of drugs. This, we think, was not the result intended by the Legislature when it enacted G. L. c. 94C, § 32K.

The judge here clearly communicated the Commonwealth's burden to prove that a defendant did "cause" or "induce" a minor to distribute a controlled substance when he instructed the jury that, to convict the defendant, they had to conclude that

---

[4]The statute places no limitation on the age of the minor involved, thus permitting the prosecution of an adult defendant who makes use of a minor to distribute drugs even in those cases where the child has not yet turned seven, the youngest age at which a child can be adjudicated delinquent and considered culpable of criminal activity. See G. L. c. 119, § 52.

he "caused the distribution, or brought it about or helped it along, or encouraged, or contributed to it, or acted in a way that tended to cause it or bring it about." The judge's instruction was sufficient.

In *Kirkpatrick*, we only considered what it meant to "abet" a minor in the distribution of drugs.[5] We concluded that for the defendant in that case to abet a minor in the distribution of a controlled substance required proof that the minor had distributed the drugs and that "the defendant, by agreement with the minor (express or implied), stood ready to assist . . . ." *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. at 357.

In cases of abetting, proof of such an agreement between the minor and the adult defendant does not require that the minor's understanding of the entire transaction correspond to that of the adult, nor does it mandate that the minor know that, by his actions, he is distributing a controlled substance. All that is required is that the adult defendant stand ready to assist the minor in the distribution of the drugs. *Id.* at 358.[6] Moreover, *Kirkpatrick* did not signify, as the defendant suggests, either that the Commonwealth must prove, or that the judge must instruct, that a criminal joint venture existed between the minor and the adult in which each party would be required to share "the mental state required for the crime." See *Commonwealth* v. *Cunningham*, 405 Mass. 646, 659 (1989).

Even if we were to conclude, which we do not, that the judge's failure to instruct with respect to the defendant standing ready to assist the child "by agreement with the minor (express

---

[5]As previously noted, G. L. c. 94C, § 32K, punishes a person who "knowingly causes, induces or abets" a minor to distribute a controlled substance.

[6]In the present case, the judge instructed as to the requirements of "causing" or "inducing" a minor to distribute illegal drugs and did not specifically describe the requirement that there be an agreement, express or implied, to establish "abetting." Nonetheless, his instruction to the jury concerning proof of "causing" or "inducing" was expressed in terms that betokened agreement, express or implied, between the adult and minor participants. See *Commonwealth* v. *Niland*, 45 Mass. App. Ct. 526, 530 (1998) (specific words are not required so long as necessary jury instruction is adequately stated). Whether an instruction was erroneous "is determined by reading the charge as a whole, and not by scrutinizing bits and pieces removed from their context." *Commonwealth* v. *Grant*, 418 Mass. 76, 85 (1994), quoting from *Commonwealth* v. *Cundriff*, 382 Mass. 137, 153 (1980), cert. denied, 451 U.S. 973 (1981).

or implied)" was error, we would discern no substantial risk of a miscarriage of justice. Not only did the judge otherwise instruct correctly with respect to "causing" or "inducing," but there is ample proof on this record that the minor knew that he and his confederates were approaching McGinn in order to sell him drugs and that the defendant was prepared to, and did, assist him. Indeed, on substantially the same facts in the codefendant's case, we stated:

> "The jury could reasonably infer from the facts . . . that [Kirkpatrick] and the child each knew that the mission of the group was to deliver six bags of heroin to Trooper McGinn [and] that the child's task was to bring the bags of heroin."

*Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. at 357.

The jury could also reasonably infer that the child's part was to bring the heroin in the shopping cart, concealed beneath a basketball,[7] and that the defendant's role was to take McGinn's drug order and retrieve a corresponding amount of heroin from the child, and then give the heroin to Kirkpatrick who collected the trooper's money in exchange for the drugs. As we stated in *Kirkpatrick, supra* at 358, the circumstances of the case permit the jury to infer "that [Kirkpatrick] and the child shared the understanding that, if the child needed assistance, [Kirkpatrick] (and Ortiz) stood ready to provide such assistance to the child as was necessary to carry out the mission of the group." There was no substantial risk of a miscarriage of justice.

*Hearsay evidence.* At trial the defendant objected to the admission in evidence of Trooper McGinn's testimony regarding the questions which the minor child asked him prior to the conclusion of the drug deal, arguing that they were inadmissible hearsay. The trooper testified that the child asked him what telephone number he had called and the names of the individuals the trooper knew in the drug distribution ring. The objection was overruled on the grounds that the testimony elicited from

---

[7]The jury could also have inferred that the child's questions to the trooper about the telephone number he had called and about people he knew were intended to ascertain the trooper's identity and purpose.

Trooper McGinn was not hearsay, and the evidence was admitted.

Statements are not inadmissible hearsay when they are not offered to prove the truth of the matter asserted, but, rather, are offered for a purpose whose relevance flows simply from the fact that the statements were made. See Liacos, Massachusetts Evidence § 8.2, at 464 (7th ed. 1999) ("The word 'hearsay' does not embrace an extrajudicial statement offered to prove something other than the truth of the statement"). See also *Commonwealth* v. *LaVelle*, 414 Mass. 146, 155-156 (1993). The questions asked of Trooper McGinn by the child were not offered to prove the truth of the substance of either the questions or the answers. Instead, the evidence was intended to establish the nature and context of the transaction, as well as the depth of the child's involvement with the defendant. Testimony which merely puts the transaction at issue "into a context, enabling the jury to understand the complete occurrence" does not constitute hearsay. *Commonwealth* v. *Ward*, 45 Mass. App. Ct. 901, 903 (1998). See *Commonwealth* v. *Stoico*, 45 Mass. App. Ct. 559, 564 (1998) (testimony was nonhearsay because it assisted jury in understanding nature of police action). There was no error.

*Judgments affirmed.*