COMMONWEALTH *vs.* MITCHELL J. FONDAKOWSKI. No. 04-P-341. January 20, 2005. *Sex Offender Registration and Community Notification Act. Sex Offender.*

The defendant, Mitchell J. Fondakowski, appeals from his conviction, after a jury-waived trial, of failing to register as a sex offender, G. L. c. 6, § 178H(*a*). The defendant argues that the Commonwealth failed to prove that he knowingly filed a false registration and that he was prosecuted and convicted for criticizing the sex offender registry board (board). We affirm.

1. *Factual background.* The judge could have found the following facts. On April 11, 2002, the defendant signed an acknowledgment of his duty to register as a sex offender and signed a sex offender registration form which stated his street address in Northampton. On December 23, 2002, a reregistration form was sent to the defendant at the Northampton address. The defendant, who still lived at that address, received the form and filled it out. He stated that his home address was "HOME-LESS," his home city was "Any-Where I can live," his home State was "Intoxication," and his work city was the "STREETS." On the reverse side of the form he wrote, "P.S. I RAPE OUT OF STATE!!!" On the envelope, the defendant indicated that his return address was "THE STREET'S . . . 010'?' "

On January 9, 2003, Northampton police Detective Jody Kasper and a uniformed police officer went to the defendant's home in Northampton. Detective Kasper knew the defendant and knew where he lived. The officers asked the defendant if he had registered with the board. The defendant said that he had sent in the form but that he had been intoxicated and had written some things that were inaccurate. The defendant also said that he thought that the registration requirement was "stupid and time consuming." The officers arrested the defendant.

The defendant testified that when he filled out the reregistration form, he had been sick with the flu, had consumed a "lot[]" of NyQuil, had been out shoveling snow to earn money to eat, and had felt "buzzed," tired, and achy. As soon as he received the card, he filled it out. He wrote "HOME-LESS" for his address because he was "ticked off" and "just snapped," and he "flew off the handle" and filled the card out in "anger." The defendant promptly stamped the card and mailed it. The defendant further testified that he considered the registration law "stupid" and that he did not see the sense in registering because police officers knew him by name and had known where he lived for the last ten years. Until he received the reregistration card, he did not know that he would have to register every year even if he was still at the same address. He also did not think that it was time to reregister, because a year had not passed since his original registration.

2. *Sufficiency of the evidence.* A rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt. Under G. L. c. 6,

§ 178H(*a*), the Commonwealth was required to prove that the defendant knowingly provided false information to the board.[1] Relying on *Still* v. *Commissioner of the Dept. of Employment & Training*, 423 Mass. 805, 812 (1996), the defendant argues that the term "knowingly" means that the Commonwealth was required to prove that the defendant acted with intent to deceive the board by proving that he acted with conscious design and with awareness of the probable consequences. Reliance on *Still* is inappropriate. When the word "knowingly" is used in a criminal statute, it "commonly imports a perception of the facts requisite to make up the crime." *Commonwealth* v. *Altenhaus*, 317 Mass. 270, 273 (1944), quoting from *Commonwealth* v. *Horsfall*, 213 Mass. 232, 237 (1913). See *Commonwealth* v. *Lawson*, 46 Mass. App. Ct. 627, 629-630 (1999). The evidence was overwhelming that the defendant returned the reregistration card with information he knew to be false. There is no requirement in the statute that the defendant have intent to deceive the board. Nor does the fact that the defendant was angry affect the analysis. "Statutes punishing the making of false statements often provide expressly that such false statements must be made knowingly. . . . Nevertheless, courts construing statutory provisions dealing with the making of false statements have held that guilty knowledge is implicit in the concept of falsity itself." *Commonwealth* v. *Kraatz*, 2 Mass. App. Ct. 196, 201-202 (1974). The motion for required finding was properly denied.

3. *Free speech claim.* For the first time on appeal, the defendant claims that he was prosecuted and convicted for criticizing the board, in violation of his rights under the First Amendment to the United States Constitution and art. 16 of the Massachusetts Declaration of Rights. As this constitutional challenge to the statute should have been made at trial, the defendant's claim is not properly before us. *Commonwealth* v. *Oakes*, 407 Mass. 92, 94 (1990). In any event, it does not appear to us that the defendant was prosecuted for exercising his free speech rights. The State has an "interest in support of [the defendant's] conviction that is unrelated to the suppression of [free] expression." *Id.* at 96, quoting from *Texas* v. *Johnson*, 491 U.S. 397, 407 (1989). The requirement that sex offenders register yearly is a "legitimate law enforcement interest in ascertaining the whereabouts of persons who . . . pose a current threat to public safety." *Roe* v. *Attorney Gen.*, 434 Mass. 418, 434 (2001).

*Judgment affirmed.*

*Stephen R. Kaplan* for the defendant.

*Cynthia M. Pepyne*, Assistant District Attorney, for the Commonwealth.

---

[1]General Laws c. 6, § 178H(*a*), as amended by St. 1999, c. 74, § 2, provides: "A sex offender required to register pursuant to this chapter who knowingly: (i) fails to register; (ii) fails to verify registration information; (iii) fails to provide notice of a change of address; or (iv) who knowingly provides false information shall be punished in accordance with this section."