## Commonwealth *vs.* Angelo M. Rosado.

Suffolk. December 4, 2007. - February 14, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act.*

Discussion of the extensive statutory registration scheme for sex offenders contained in G. L. c. 6, §§ 178C-178O, and of the methods established by the Legislature to address the registration problems presented by homeless sex offenders. [659-661]

At the trial of a criminal complaint alleging that the defendant had violated the registration provision for sex offenders, G. L. c. 6, § 178H (*a*), the judge erred in denying the defendant's motion for a required finding of not guilty, in circumstances where there was insufficient evidence to show that the defendant, who was homeless, knowingly provided false information to the board about his residence or knowingly failed to provide notice of his intent to change his address. [661-663]

Complaint received and sworn to in the Central Division of the Boston Municipal Court Department on September 28, 2005.

The case was heard by *Rosalind Henson Miller*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Andrew S. Crouch* for the defendant.

*Michael J. Callahan*, Assistant District Attorney, for the Commonwealth.

Ireland, J. In February, 2006, after a jury-waived trial, the defendant, Angelo Rosado, was found guilty of violating the registration provision for sex offenders. G. L. c. 6, § 178H (*a*). On appeal the defendant, who is homeless, raises a number of claims, including that the judge erred in denying his motion for a required finding of not guilty because there was insufficient evidence to support his conviction. We transferred the case from the Appeals Court on our own motion. Because we conclude that the defendant complied with his statutory obligation to register pursuant to G. L. c. 6, § 178F ¹⁄₂, and the instructions promulgated

by the Sex Offender Registry Board (board), we reverse the defendant's conviction.[1]

*Facts and procedural background.* The facts underlying this appeal are not in dispute and are based on evidence presented by the Commonwealth concerning the defendant's conviction of a sex offense, board records, and the defendant's presence at the Pine Street Inn (Inn), a shelter for the homeless.

In January, 1991, the defendant pleaded guilty to raping a child under the age of sixteen years. In January, 2004, the board classified the defendant as a level three sex offender.[2] A level three sex offender must register annually in person at a local police department, and if the sex offender is homeless, he must register in person at the police department every ninety days. See G. L. c. 6, 178F ¹/₂.[3] As the defendant was homeless,[4] he registered with the board by appearing in person at the Boston police department every ninety days.

When the defendant registered at the Boston police department on August 17, 2005, he listed, on the form provided by the board, his address as "444 Harrison Ave, Boston MA," which is the Inn's address. The Inn has a daily lottery system for its available beds. The defendant placed this address in a

---

[1]The defendant also claims that the Commonwealth's failure to specify which of the four offenses under G. L. c. 6, § 178H (*a*), that the defendant was being charged with "prejudiced his ability to fully prepare his defense, deprived the court of the ability to know what judgment to render, and unnecessarily subjected the defendant to the specter of double jeopardy." The defendant further argues that if the Commonwealth's interpretation of the Sex Offender Registration Act, requiring sex offenders to be located at their listed addresses daily, were accepted as accurate it would violate a sex offender's right to travel under the equal protection clause and G. L. c. 6, § 178H, would be "unconstitutionally vague as it fails to put offenders on notice that they are required to be in attendance at their listed address every day." Given our conclusion that the defendant fulfilled his duty to register pursuant to G. L. c. 6, § 178F ¹/₂, and the board's instructions, we need not address these other claims in order to dispose of the defendant's case.

[2]At trial the defendant stipulated that he was a level three sex offender, and that he had notice of his status and his obligation to register.

[3]Effective December 20, 2006, G. L. c. 6, § 178F ¹/₂, was amended to require homeless level two or three sex offenders to appear in person at a local police department every forty-five days to verify registration information. St. 2006, c. 303, §§ 3, 10.

[4]During oral argument, the Commonwealth acknowledged that the defendant was homeless.

box marked "Permanent Address" and drew a line through the temporary address and the mailing address boxes. He also signed the signature box, which contains a paragraph that informs the signatory that he must notify the board or the police department ten days before any change in residence. During the ninety-day period following the August 17, 2005, registration the defendant stayed at the Inn sporadically. Its records show that the defendant was not there on August 17, 2005. Between August 17 and September 27, 2005, the defendant stayed there only eleven nights. Also during this period, the board mailed a document to the defendant at the Inn's address, but it was returned as undeliverable. Based on the returned mail, the board concluded that the defendant was in violation of his registration obligation and contacted the Boston police department, and a complaint and warrant were issued against the defendant on September 28, 2005.

The defendant filed a motion to dismiss or, in the alternative, for a required finding of not guilty. The docket indicates that the motion was reserved and not acted on, which was effectively a denial of the motion. At trial, held on January 31, 2006, one of the Commonwealth's witnesses, the board's keeper of records, testified that if a sex offender is homeless and registers with the address of a shelter, he must maintain that address during the ninety-day registration period or register ten days prior to moving. When pressed on cross-examination to indicate the specific provision in the statute or regulations on which he based this statement, he could not clearly identify the authority. The judge found the defendant guilty of violating G. L. c. 6, § 178H (*a*),[5] and sentenced him to thirty days in a house of correction, suspended for one year.

*Discussion. Statutory scheme.* The Legislature adopted G. L. c. 6, §§ 178C-178O, an extensive statutory registration scheme for sex offenders, in order to protect the public from "the danger

---

[5]General Laws c. 6, § 178H (*a*), states in relevant part: "A sex offender required to register pursuant to this chapter who knowingly: (i) fails to register; (ii) fails to verify registration information; (iii) fails to provide notice of a change of address; or (iv) who knowingly provides false information shall be punished in accordance with this section." It is unclear from the record whether the judge found the defendant guilty on the basis of knowingly failing to provide notice of a change of address, or knowingly providing false information, or both.

of recidivism posed by sex offenders"[6] and to aid law enforce-
ment officials in protecting their communities by providing
them with information. *Doe, Sex Offender Registry Bd. No.
3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 769 (2006),
quoting St. 1999, c. 74, § 1. A convicted sex offender must
register with the board. G. L. c. 6, § 178E. The board determines
a sex offender's classification level, G. L. c. 6, § 178K (2), and
the classification level dictates a sex offender's registration
obligations. A level one sex offender must verify his registration
information with the board annually by mail, and during the
month of his birth, the board mails a nonforwardable verifica-
tion form to his last reported address. G. L. c. 6, § 178F. The
form must be signed and mailed back to the board within five
days of receipt. *Id.* Level two and level three sex offenders
must verify their registration information with the board annu-
ally in person at the local police department in the city or town
where they live, and during the month of their birth, the board
mails a nonforwardable verification form that must be returned
in person to a local police department within five days of receipt.
G. L. c. 6, § 178F ½. Additionally, pursuant to G. L. c. 6,
§ 178E (*h*), a sex offender "required to register . . . who intends
to change his address within a city or town shall notify the
board in writing no later than ten days prior to establishing such
new residence."

The Legislature addressed the registration problems that home-
less sex offenders present by allowing them to list a homeless
shelter as their residence and by imposing the additional burden
of having them register every ninety days in person for level
two and level three sex offenders and by mail for level one sex
offenders. See G. L. c. 6, §§ 178F, 178F ½.[7] Pursuant to the
board's authority under G. L. c. 6, § 178D, it also promulgated
instructions for completing the registration form that state, "If

---

[6]General Laws c. 6, § 178C, defines the term "[s]ex offender" as "a
person who resides, . . . works or attends an institution of higher learning in
the commonwealth and who has been convicted of a sex offense or who has
been adjudicated as a youthful offender or as a delinquent juvenile by reason
of a sex offense."

[7]General Laws c. 6, § 178F, as amended through St. 2003, c. 77, §§ 12-14,
provides in relevant part: "Except as provided in section 178F ½ for a sex of-
fender finally classified by the board as a level 2 or a level 3 sex offender, a
sex offender . . . shall annually verify that the registration data on file with

homeless, the registrant must provide the city and approximate location within that city." This language appears in the instructions under both the section for providing a permanent address and the section for providing a temporary address, with no guidance whether a homeless person should place his city and his approximate location under the temporary or the permanent box.

*Sufficiency of the evidence.* The defendant argues that the judge erred in denying his motion for a required finding of not guilty because there was insufficient evidence to show that the defendant knowingly provided false information to the board about his residence or knowingly failed to provide notice of his intent to change his address. The standard for reviewing the motion's denial is "whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt that each element of the crime was present." *Commonwealth* v. *Hilton*, 398 Mass. 63, 64 (1986). See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979).

The Commonwealth argues that the fact that the defendant registered 444 Harrison Avenue as his permanent address yet

the board remains true and accurate by mailing to the board on a form approved by the board . . . . A sex offender who lists a homeless shelter as his residence shall verify registration data every 90 days with the board by mailing to the board on a form approved by the board and signed under the pains and penalties of perjury the sex offender's name, date of birth, home address and work address."

General Laws c. 6, § 178F ½, as amended through St. 2003, c. 140, § 12, provides in relevant part: "A sex offender finally classified by the board as a level 2 or a level 3 sex offender who is required to register . . . shall appear in person annually at the local police department in the city or town in which such sex offender lives . . . to verify that the registration data on file remains true and accurate . . . . Such sex offender who lists a homeless shelter as his residence shall appear in person at such local police department every 90 days to verify that the registration data on file remains true and accurate . . . . In addition, in each subsequent year during the month of birth of any sex offender required to register, the board shall mail a nonforwardable verification form to the last reported address of such sex offender. . . . Such sex offender shall, within five days of receipt, sign the verification form . . . and register in person at the police department . . . . A sex offender finally classified as a level 2 or level 3 offender shall also comply with the provisions of paragraphs (g) to (j), inclusive, of section 178E, but the offender shall give the required notice in person at the police department in the city or town where such sex offender resides . . . ."

did not stay at the Inn the night he signed the form, and his absence through most of August and September, 2005, was sufficient to prove that he "knowingly both provided false information and failed to report a change of address to the [b]oard in violation of G. L. c. 6, § 178H (*a*)." We disagree.

Concerning whether the defendant "knowingly" provided false information, G. L. c. 6, § 178H (*a*), does not require the Commonwealth to prove that a defendant intended to deceive the board, but the Commonwealth must prove that he knew the information was false. *Commonwealth* v. *Fondakowski*, 62 Mass. App. Ct. 939, 940 (2005) (sufficient evidence that defendant knowingly provided false information to board where he had home in Northampton but placed "HOME-LESS" as his address and "Any-where I can live" as his city). The Commonwealth presented no circumstantial or direct evidence that the defendant knew he provided false information to the board. Where the Inn distributes beds based on a lottery system, the defendant may have attempted to secure a bed but was just not selected. Therefore, without more evidence that the defendant "knew" he was providing false information, the Commonwealth has failed to meet its burden of proof.

Concerning whether the defendant knowingly failed to provide notice of a change in address, the Commonwealth contends that the defendant's absence from the Inn was sufficient to prove that he "deliberately chose to reside elsewhere" and thus knowingly failed to provide notice of his change of address. This argument has no merit. As discussed, the defendant's absence from the Inn might have been due to his inability to secure a bed rather than a deliberate choice. Moreover, the record supports the fact that the defendant did not knowingly intend to change his address because he stayed at the Inn before and after the Commonwealth claims he knowingly intended to change his address. Therefore, the Commonwealth has failed to provide sufficient evidence on this point.

As a practical matter, if we were to accept the Commonwealth's interpretation of G. L. c. 6, §§ 178E and 178F ½, it would lead to illogical results. According to the Commonwealth, the defendant's absence from the Inn is evidence of his intent to change his address, and thus, pursuant to G. L. c. 6, §§ 178F ½ and 178E (*h*), the defendant would have to appear in person at

the police department to give ten days' notice before establishing a new residence or not staying at the Inn. Because homeless sex offenders, by the very nature of their situation, lack a permanent residence, they have little control over where they live. Here, because the defendant is relying on a lottery system to secure a bed it would be almost impossible to provide ten days' notice. *ROPT Ltd. Partnership* v. *Katin*, 431 Mass. 601, 603 (2000) (courts do not interpret statute so as to "produce an illogical result"). Therefore, we decline to accept the Commonwealth's interpretation; however, we are not asserting that all homeless sex offenders are automatically exempt from complying with G. L. c. 6, § 178E (*h*).

The sex offender registration form is ambiguous because in both the instructions for the permanent address and the instructions for the temporary address it requires a homeless registrant to provide "the city and [an] approximate location within the city," yet the form fails to provide a homeless registrant with the opportunity to show his homeless status. We conclude that the defendant complied with the instructions from the board because we construe the defendant's placing "444 Harrison Ave[nue]" in the permanent address box and crossing out the temporary and mailing address boxes as simultaneously reporting to the board that he was homeless and that his approximate address was 444 Harrison Avenue. We further conclude that the defendant fulfilled his statutory obligation to register under G. L. c. 6, § 178F ½, by registering in person at a local police department every ninety days.

*Sex offender registration form.* To prevent a recurrence of this situation we now address the registration form. The Legislature, pursuant to G. L. c. 6, §§ 178F and 178F ½, specifically grants homeless sex offenders the opportunity to list a homeless shelter as their residence in order to aid law enforcement officials in their efforts to track them. The current sex offender registration form fails to effectuate the Legislature's express intent because the form does not designate a place where homeless sex offenders may clearly identify themselves so that they can, without penalty, list a homeless shelter as their residence. Therefore, the board should consider amending the sex offender registration form as soon as practicable or provide other practical ways for sex offenders to show their homeless status.

*Conclusion.* For the reasons stated above, the judgment is reversed and the conviction is set aside.

*So ordered.*