Kottmyer, Diane M., J.
The defendant, Gerard R. St. Onge, is charged with falling to register as a sex offender “on diverse dates” from about October 31, 2008, through February 20, 2009. The defendant has filed a renewed motion to dismiss this charge on the grounds that exculpatory evidence was not presented to the grand jury. In support of his renewed motion to dismiss, the defendant submitted evidence establishing that he was hospitalized and/or receiving treatment on multiple occasions between October 24,2008 and March 10, 2009.[1] Further, on July 7, 2008 and on February 4, 2009, respectively, the defendant received EOT (electroconvulsive therapy) at Holy Family Hospital and Beverly Hospital. The evidence further establishes that the information concerning the defendant’s medical condition and his hospitalizations was provided to the Assistant District Attorney who was handling the case in the District Court. That attorney did not provide the information to the Assistant District Attorney who presented the case to the Grand Jury, and it was consequently not disclosed to *97 the Grand Jury. For the following reasons, the defendant’s renewed motion to dismiss is ALLOWED.
Failure to present known information may impair grand jury proceedings in circumstances that warrant dismissal. See Commonwealth v. Connor, 392 Mass. 838, 854 (1984) (failure to disclose known information that would greatly undermine credibility of important witness); Commonwealth v. O’Dell, 392 Mass. 448, 446-47 (1984) (unfair and misleading to withhold exculpatory portion of defendant’s statement). The court will uphold an indictment where the undisclosed information “was not weighty enough to constitute a substantial challenge to the demonstration of probable cause, and, if laid before the grand jury, would almost certainly have left unaltered the disposition to indict.” Commonwealth v. Biasiucci, 60 Mass.App.Ct. 734, 738 (2004). Rather, “[i]t is when the prosecutor possesses information that would gravely undermine evidence supporting probable cause that the prosecutor is duty bound to furnish it to the grand jury.” Id. Here, the evidence concerning the defendant’s hospitalizations was “weighty enough to constitute a substantial challenge to the demonstration of probable cause” and would have affected the Grand Jury’s decision to indict. See id.
“A convicted sex offender must register with the” Sex Offender Registry Board (“Board”). Commonwealth v. Rosado, 450 Mass. 657, 658 (2008), citing G.L.c. 6, §178E. “A sex offender required to register . . . who knowingly . . . fails to register!,]” G.L.c. 6, §178H(a)(l) (emphasis added), “shall be punished by imprisonment in the state prison . . .’’ G.L.c. 6, §1708H(a)(2). “An act is done ‘knowingly’ if it is the ‘product of conscious design, intent or plan that it be done, and is done with awareness of probable consequences.’ ” Commonwealth v. Becker, 71 Mass.App.Ct. 81, 89 (2008), quoting Commonwealth v. Kirkpatrick, 44 Mass.App.Ct. 355, 356 (1998), in turn quoting Still v. Commissioner of the Dep’t of Employment & Training, 423 Mass. 805, 812 (1996); see Commonwealth v. Fondakowski, 62 Mass.App.Ct. 939, 940 (2005) (“When the word ‘knowingly’ is used in a criminal statute, it ‘commonly imports a perception of the facts requisite to make up the crime’ ” (citation omitted)).
Although Rosado is distinguishable, the Court’s reasoning is helpful in analyzing the Commonwealth’s burden of proof in a failure to register case. In Rosado, the defendant was a homeless sex offender who was required to “register in person at the police department every ninety days.” Id. at 658, citing G.L.c. 6, §178Fl/2. On one occasion, he listed a homeless shelter as his permanent address, but he stayed at that shelter sporadically during the ninety-day period following that registration. Id. at 658-59. The Board “concluded the defendant was in violation of his registration obligation” after the mail it had sent to the defendant at the shelter was returned to the Board as undeliverable. Id. at 659.
The Commonwealth argued that the defendant’s sporadic presence at the shelter “was sufficient to prove that he ‘knowingly both provided false information and failed to report a change of address to the Board in violation of G.L.c. 6, §178H(a).’ ” Id. at 662 (alteration omitted). The Court noted the shelter’s practice of “distribuí [ing] beds on a lottery system” and held that “the defendant may have attempted to secure a bed but was just not selected.” Id. On this basis, and “without more evidence that the defendant ‘knew’ he was providing false information, the Commonwealth failed to meet its burden of proof.” Id. Further, as to the Commonwealth’s argument that “the defendant’s absence from the [shelter] was sufficient to prove that he ‘deliberately chose to reside elsewhere’ and thus knowingly failed to provide notice of his change of address!,]” the Court reiterated that “the defendant’s absence from the [shelter] might have been due to his inability to secure a bed rather than a deliberate choice.” Id, Also instructive is Commonwealth v. Porro, 74 Mass.App.Ct. 676, 679 (2009), review granted, 455 Mass. 1106 (Dec. 18, 2009). In Porro, the defendant was charged with knowingly leaving scene of an accident in violation of G.L.c. 90, §24(2)(a)(2). Like the sex offender registration act, this statute imposes a duty to act and makes it a crime to fail to discharge the duty. There the Court approved an instruction that the Commonwealth’s burden was to prove “that the defendant knew he had collided with or otherwise caused injury to the alleged victim, then, as soon as he knew [either fact] ... he was obligated to stop and provide the necessary information ... to the alleged victim, if reasonably possible” (ellipses in original) (emphasis added)).
The defendant was required to register by November 30, 2008. He was hospitalized at the Holy Family Hospital from November 26, 2008, through January 8, 2009, at Bayridge Hospital from January 14, 2009, through January 20, 2009, at Beverly Hospital from January 20, 2009, through February 4, 2009 and again at Baldpate from February 4, 2009 through February 11, 2009. He was hospitalized again on March 5,2009, and he received ECT therapy on March 10, 2009. The evidence relating the defendant’s hospitalizations, treatment and the reasons therefor created a material question as to whether the defendant was able to comply with the requirement that he register during the period specified in the indictment. Cf. Rosado, where the Court merely supposed that “the defendant may have attempted to secure a bed” and “the defendant’s absence from the [shelter] might have been due to his inability to secure a bed . ..” See id. (emphasis added).
The information concerning the defendant’s hospitalizations and treatment was material to the issue whether the defendant “knowingly” failed to register and, accordingly, to the decision to indict. See Biasiucci, 60 Mass.App.Ct. at 738. The defendant’s *98 renewed motion to dismiss the indictment is therefore ALLOWED.

 hOie dates and locations of relevance are as follows: 10/24/08 to 10/29/08—Beverly Hospital; 10/30/08 to 11/4/08—Baldpate Hospital; 11/05/08 to 11/14/08—CAB Danvers; 11/15/08 to 12/26/08—CAB Transitions; 11/26/08 to 1/8/09—Holy Family Hospital; 1/14/09 to 1/20/09—Bayridge Hospital; 1/20/09 to 2/4/09—Leland Unit at Beverly Hospital; 2/4/09 to 2/11/09—Baldpate Hospital; 3/5/09 to 3/10/09—Pembroke Hospital.