The defendant, Paul A. Nowicki, appeals from his conviction after a bench trial of larceny from the person of a victim sixty-five years or older, G. L. c. 266, § 25(a ). Concluding that the Commonwealth presented sufficient evidence to prove the defendant's guilt beyond a reasonable doubt, we affirm.
When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
"To establish larceny from a person requires that the Commonwealth prove, beyond a reasonable doubt, that (i) the defendant took property; (ii) the property was owned or possessed by another; (iii) the defendant took the property from the person of the possessor or from the possessor's area of control; and (iv) the defendant did so with the intent to deprive the possessor of the property permanently." Commonwealth v. Cartright, 478 Mass. 273, 283-284 (2017). Here, the Commonwealth also had to prove that the possessor was sixty-five years old or older. See G. L. c. 266, § 25(a ) ; Commonwealth v. Montalvo, 50 Mass. App. Ct. 85, 88 (2000).[2]
While the victim was enjoying a meal of chicken wings with bleu cheese dressing at a local bar, the defendant went over to him and placed his arm around him, "getting very close to him."[3] The defendant "very hurriedly left the bar," abandoning most of an expensive drink. When the victim finished his meal, he could not find his wallet, which had been in his left jacket pocket.
The next morning, the defendant appeared at the victim's home and gave the victim back his wallet.[4] Forty-two dollars were missing. See Commonwealth v. Semedo, 456 Mass. 1, 10 (2010) (defendant's possession of robbery proceeds contributed to sufficiency). The defendant presented two different stories to the victim. At first, he said, "Somebody totally set me up with your wallet, they put it into my ... coat." See Commonwealth v. Foster, 471 Mass. 236, 246 (2015) (defendant's "far-fetched story" contributed to sufficiency). When the victim expressed the opinion that this story was "kinda odd," the defendant said, "Your wallet and my wallet are similar and [y]our wallet was on a bar and I took your wallet, I thought it was mine." The victim, however, had not placed his wallet on the bar. See Commonwealth v. Burke, 414 Mass. 252, 261 (1993) (defendant's "conflicting stories" in conjunction with evidence of flight showed consciousness of guilt).
"Pickpocketing characteristically involves stealth and a lack of awareness of the taking by the victim." Commonwealth v. Davis, 7 Mass. App. Ct. 9, 11 (1979). Here, the defendant was the only person with the opportunity to steal the victim's wallet at the time it went missing, and he had possession of the wallet the next day with conflicting explanations that the trier of fact could find were inventions. From the defendant's removal of forty-two dollars, the trier of fact could reasonably infer that the defendant intended, at the time he took the wallet, to permanently deprive the victim of at least some of the contents of that wallet. Accordingly, the judge properly found sufficient evidence to convict the defendant.
Judgment affirmed.

The defendant does not contest that the Commonwealth had proven that the victim was eighty-three years old at the time of the incident.

For purposes of this appeal, we place no weight on the officer's testimony that the defendant's actions on the surveillance video were "consistent with" pickpocketing, nor do we discern any indication that the trial judge was unduly influenced by that testimony. The judge specifically stated that he had reviewed the video himself, and we presume that a judge in a bench trial instructs himself correctly on the proper evaluation of evidence. See Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014). The bar manager's opinion that the video depicted pickpocketing, by contrast, was elicited by the defendant and could be considered for whatever weight it held.

Although the evidence reflects that the defendant was a suspect by this point, the Commonwealth presented no evidence that the defendant knew he was a suspect before he returned the wallet.